## JOSEPH v. BAKER.

### Opinion delivered May 16, 1910.

1. FRAUD—EVIDENCE.—In actions founded upon fraud, parol evidence is admissible to show fraud, or the lack thereof, in the making of a contract, notwithstanding the contract is in writing. (Page 152.)

2. DEEDS—AMOUNT OF LAND—COVENANT.—The mention of quantity of acres after a definite and certain description of the land by metes and bounds does not amount to a covenant in a deed unless so expressly declared, nor afford a cause of action though the quantity of acres should fall short of the amount named. (Page 153.)

3. FRAUD—NOTICE.—A vendee cannot complain of a fraudulent misrepresentation made by the vendor as to the number of acres sold to him if, before the sale was made and the deed accepted, the vendee was informed as to the actual number of acres in the tract sold, and with that knowledge consummated the contract of sale. (Page 154.)

Appeal from Benton Circuit Court; *J. S. Maples,* Judge; affirmed.

*Rice & Dickson,* for appellant.

The words "more or less" in a deed can only be considered as intended to cover inconsiderable differences. 19 Ark. 109. And when the quantity is misrepresented, though innocently, the purchaser should recover the shortage. 61 Ark. 120; 19 Ark. 109. Parol evidence is not admissible to explain, modify or alter the deed. 21 W. Va. 632; *Id.* 326; 67 N. Y. 338. Small shortages only are covered by the words "more or less." 67 Am. Dec. 120; 51 *Id.* 244; 24 Tex. 245; 76 Am. Dec. 109; 38 *Id.* 514; 69 Tex. 293; 52 S. W. 1074; 103 Tenn. 358; 47 L. R. A. 267; 87 N. Y. 327.

FRAUENTHAL, J. This was an action of deceit brought by A. H. Joseph, the plaintiff below, against J. W. Baker to recover

damages for fraud inducing him to make a contract for the purchase of certain land from the defendant. The defendant sold to the plaintiff certain land in Benton County, Arkansas, in consideration of a stock of goods owned by the plaintiff at Carbondale, Ill. The land was sold in gross, and the deed of conveyance executed by the defendant gave a particular description of the land by metes and bounds, with the words added: "containing in all 198 acres, more or less." In his complaint the plaintiff alleged that before the purchase the defendant showed him the land, and "pointed out to him a portion of other lands not described in this deed, and claimed that he owned them, and that they were a part of the tract he was selling to plaintiff, upon which he relied at the time without knowledge of the falsity of the same; that said statements were false and known by defendant to be false;" that defendant falsely represented to him that the tract so sold and conveyed by him contained 198 acres when as a matter of fact it contained only 171 acres; and he sought to recover damages by reason of said false representation. Upon the trial of the case the plaintiff introduced evidence tending to sustain the allegations of his complaint. The defendant in his answer denied the allegations of the complaint relative to his making any misrepresentation as to the quantity of the land; and upon the trial of the case he introduced testimony tending to prove that he was familiar with the boundaries of the land, but did not know the number of acres in the tract; that there was a dispute as to whether the tract contained 198 acres or a less number; that he showed the land to plaintiff and pointed out the boundaries exactly as they are described in the deed, and pointed out to him no other land than that included within those boundaries and covered by the deed; and that he did not represent to plaintiff that the tract contained 198 acres; that before the deed was executed and before the sale and purchase was consummated the plaintiff was told and fully informed that the tract contained only 165 acres; and that the plaintiff said that it made no difference, that he was satisfied, but to write the deed stating that the tract contained 198 acres more or less, which was done. The evidence tended to prove that the tract of land conveyed contained 171 acres.

The court in effect instructed the jury that if the defendant falsely represented to plaintiff that the tract of land contained

198 acres, and that, relying upon such representation, the plaintiff paid therefor, when in fact there were only 171 acres in the tract of land conveyed, then the plaintiff was entitled to recover as damages the price of the deficiency in the number of acres so represented.

Over the objection of the plaintiff the court gave the following instruction:

"6. The court instructs the jury that, although you may find that defendant misrepresented to the plaintiff the number of acres in the tract of land in question at the time the land was shown to plaintiff by defendant, still, if you further find that, before the deed was executed and delivered to plaintiff, the defendant or his brother, Harry Baker, informed plaintiff that there was a less number of acres in the tract than had first been represented to be, and plaintiff had knowledge of this fact, and then accepted the deed for 198 acres, more or less, he could not recover from defendant, and your verdict should be for the defendant."

The jury returned a verdict in favor of the defendant, and from the judgment entered thereon the plaintiff appealed to this court.

It is urged by counsel for plaintiff that the court erred in permitting, over plaintiff's objection, the introduction of testimony on the part of the defendant that the plaintiff was informed at the time of the execution of the deed and before the final consummation of the sale that the tract of land only contained 165 acres, for the reason that this would contradict the terms of the written contract and deed which stated that the land contained "198 acres more or less." But we do not think that this contention is correct. The action that was instituted by plaintiff is not based upon the contract, but it is founded upon the alleged tort committed by the defendant in making false representations by which the contract was fraudulently obtained and the plaintiff wrongfully damaged. It is not an action to enforce the contract, but it is based upon fraud in the procurement of it. It is well established that in actions founded upon fraud parol evidence is admissible to show such fraud in the making of the contract, notwithstanding the contract is in writing; and likewise parol evidence is admissible to show the lack of such fraud.

In the case of *Harrell* v. *Hill*, 19 Ark. 102, the charge was made that the defendant had misrepresented the quantity of the land sold to complainant. In that case the court said: "The charge, then, is fraud. * * * No rule or principle of law is violated by the admission of parol evidence to establish fraud going to the consideration or execution of deeds." *Wolfe* v. *Arrott*, 109 Pa. St. Rep. 473.

In the case at bar the land that is actually conveyed by the deed is the area that is described by metes and bounds; the quantity named will not prevail against the particular description. The mention of quantity of acres after a definite and certain description of the land by metes and bounds does not amount to a covenant in a deed unless so expressly declared, and does not afford a cause of action founded upon a breach of a covenant, although the quantity of acres should fall short of the amount named. If the amount thus named is inconsistent with the actual area of the land as shown by the particular specification and designation thereof, it will be considered descriptive merely, and not a covenant to convey the precise number of acres thus named. Ordinarily, when the land is described by definite boundaries in a deed followed by a statement of so many acres, more or less, without any express covenant as to the quantity, the statement of the quantity is not controlling nor is it of the essence of the contract. In such event, should there be a deficiency in the number of acres, the right to relief for such deficiency would be founded upon fraud, misrepresentation or mistake. *Harrell* v. *Hill*, 19 Ark. 102; *Goodwin* v. *Robinson*, 30 Ark. 535; *Neeley* v. *Rembert*, 71 Ark. 91; 3 Washburn on Real Property, § 2322; 1 Sugden on Vendors, 490; *Wilson* v. *Randall*, 67 N. Y. 338; *Belknap* v. *Sealey*, 67 Am. Dec. 120; *Wheeler* v. *Boyd*, 69 Tex. 293; *Anderson* v. *Snyder*, 21 W. Va. 632. The action in the case at bar to recover the alleged deficiency of the land claimed to have been sold is founded upon the alleged fraud in the procurement of the contract of sale; and any evidence, direct or circumstantial, which would tend to prove or disprove the alleged fraud would be competent; and therefore parol evidence would be admissible, though the contract thus procured was in writing. The fraud alleged in the complaint was the misrepresentation made by the defendant as to the number of acres contained in the tract of

land, and that plaintiff was misled thereby to his injury. The court did not err in permitting the introduction of testimony showing that plaintiff was informed of the actual number of acres of the land before the trade was consummated.

And for the same reason the court did not err in giving said above instruction number 6. In order for the plaintiff to recover in this action of deceit, it was essential that he was ignorant of the matter represented to him; for, if he had knowledge of the actual number of acres that were in the tract, and knew that any other statement made by defendant was false before the trade for the land was finally consummated, then he could not have been deceived by such representation. In the case of *McDonough* v. *Williams,* 77 Ark. 261, the court said: "We hold that no action can be maintained for the damages where the contract is executed after the discovery of the fraud." And in the same case the court quotes the following with approval from *Thompson* v. *Libby,* 36 Minn. 287: "To allow a purchaser who has discovered the fraud while the contract is still wholly executory to go on and execute it, and then sue for fraud looks very much like permitting him to speculate upon the fraud of the other party. It is virtually to allow a man to recover for self-inflicted injuries. The fraud is really consummated and the damages incurred by the acceptance of the property and paying for it. And, if this is done after the fraud is discovered, the purchaser can not say that he sustained damage by reason of the fraud." And so in the case at bar the plaintiff could not have been deceived to his injury by any misrepresentation of the number of acres in the tract if, before the trade was finally made and the deed accepted, he was informed as to the actual number of acres that were in the tract, and then with such knowledge accepted the deed and consummated the contract of sale. See also *Winter* v. *Bandel,* 30 Ark. 362; *Goodwin* v. *Robinson,* 30 Ark. 535; *Matlock* v. *Reppy,* 47 Ark. 148; 14 Am. & Eng. Enc. Law, 106.

Finding no prejudicial error committed in the trial of this case, the judgment is affirmed.