HAMBURG BANK *v.* JONES.

4-6382                                        151 S. W. 2d 990

Opinion delivered June 9, 1941.

*Y. W. Ethridge* and *J. P. Blanks,* for appellant.

*Murphy & Murphy* and *John W. Atkinson,* for appellee.

McHANEY, J. Appellant brought this action on March 10, 1938, against appellee to recover judgment on his unpaid promissory note for $6,000, dated July 8, 1933, and due October 10, 1933, with interest from date at 10 per cent. per annum. Appellee, although admitting his signature on said note, defended on the grounds: 1, that the note was never a completed instrument in that it was to be signed by another before delivery; 2, that his signature thereto was obtained through fraud and misrepresentation, which was known to and participated in by appellant; and 3, that it was wholly without consideration moving to him.

Trial to a jury resulted in a verdict and a judgment for appellee. This appeal followed, and a number of grounds are argued for a reversal of the judgment, some of which will hereinafter be discussed.

1. There was a judgment for appellant by default before the present trial from which is this appeal. On motion of appellee, at the same term, the court set aside the default judgment, and it is now said the court erred in so doing. This was a matter resting in the sound discretion of the trial court, and the record is silent as to what the court based its judgment on. No abuse of discretion is shown.

2. It is said the court erred in giving and refusing to give a number of instructions. These assignments cannot be considered, because appellant has failed to abstract or set out all the instructions given and refused. This court will not explore the record to determine whether error has been committed in this regard.

3.   Another, and the principal argument for a reversal of the judgment, relates to the admission of testimony on behalf of appellee that appellant's president, Mr. Blanks, obtained appellee's signature on the note by telling him and writing him a letter to the effect that he would not be held liable on the note, and that appellant would look to the collateral alone for the collection of the debt.   Such testimony was admitted over appellant's objections and exceptions, on the grounds that it violates the parole evidence rule, is *ultra vires* of the corporation, and was beyond the authority of the president without approval of the board of directors.   Testimony for appellee was also admitted over objections of an agreement with Mr. Blanks that the note should be signed by both appellee and his brother, Grady W. Jones, before it should be delivered to appellant, which agreement was violated by Blanks by delivery to appellant without the signature of Grady W. Jones.   We think appellant misconceives the law as to all these alleged errors.   As to the alleged violation of the parole evidence rule, appellee testified very positively that appellant's president called upon him at his office in Little Rock and secured his signature thereto by telling him that the bank would not look to him for payment, but to the collateral, consisting of preferred stock in the Jones Motor Company of Hamburg, and by writing him a letter to this effect, which letter was misplaced and not introduced. These were fraudulent misrepresentations, if made, and the jury by its verdict evidently believed they were. Were they admissible?   We have many times held them to be competent where the issue of fraud in the procurement of the instrument is relied on.   In *St. L., I. M. & S. Ry. Co.* v. *Hambright,* 87 Ark. 614, 113 S. W. 803, it was said: "The rule of evidence forbidding the addition, alteration or contradiction of a written instrument by parol testimony of antecedent and contemporaneous negotiations does not apply where there is an issue of fraud in the procurement of the writing."   In *Delaney* v. *Jackson,* 95 Ark. 131, 128 S. W. 859, it was held, to quote syllabus 4, that, "an intentionally false and misleading representation which induces a written contract to another's in-

jury is a tort outsde the contract, and may be proved by parol." See, also, *Joseph* v. *Baker,* 95 Ark. 150, 128 S. W. 864; *Brown* v. *Le May,* 101 Ark. 95, 141 S. W. 759. In *Ellis* v. *First Nat'l Bank of Fordyce,* 163 Ark. 471, 260 S. W. 714, Judge HART used this language: "As between the immediate parties, it is always competent for the defendant to show, by parol evidence, either want or failure of consideration as between himself and the plaintiff, or that the indorsement was procured by fraud . . ." This evidence was competent and the court properly admitted it.

Counsel for appellant cite a number of cases which announce the general parol evidence rule, but they are not in point, as no fraud was involved in them or the instrument was in the hands of an innocent holder in due course. Where, as here, a question of fraud is in issue, parol evidence is admissible as an exception to the general rule.

It is also argued that appellant's suit cannot be defeated by the fraudulent action of its president in taking the note, and, therefore, such evidence is incompetent. The general rule to the contrary is thus stated in 2 C. J., p. 879, § 563: "A contract induced by the fraud or misrepresentation of an agent while acting within the real or apparent scope of his authority cannot be enforced by the principal against the party misled, whether the principal was disclosed or not at the time of making of the contract, and even though the principal did not authorize the agent to act fraudulently or to misrepresent, unless the party so wronged has in some way estopped himself from relying on the fraud."

We think it would serve no useful purpose to pursue appellant's arguments further. Suffice it to say we have given them careful consideration and find them without merit. An issue of fact was properly submitted to the jury under instructions presumptively correct. There was substantial evidence to support the verdict, and the judgment must be affirmed.