COMMERCIAL UNION INSURANCE CO., INC.
*v.* Leonard SANDERS

80-265                                                     611 S.W. 2d 754

Supreme Court of Arkansas
Opinion delivered February 23, 1981

*McMillan, Turner & McCorkle,* by: *Toney D. McMillan*, for appellant.

*Graves & Graves,* by: *John Robert Graves* and *William Randal Wright*, for appellee.

FRANK HOLT, Justice. This action arises from an intersection collision between a pickup truck, being driven by a county employee, and another vehicle, resulting in damages to appellee's filling station located at the corner of the intersection. Suit was brought directly against appellant, the insurer of Hempstead County. Ark. Stat. Ann. § 66-3240 (Repl. 1980). The court, sitting as a jury, awarded judgment in favor of the appellee in the amount of the stipulated damages, $5,905.51. The only issue on appeal is the sufficiency of the evidence as to any negligence on the part of the county employee.

The proper standard on appellate review of cases tried to this court is, as stated in *Taylor* v. *Richardson,* 266 Ark. 447, 585 S.W. 2d 934 (1979), that "[f]indings of fact shall not be set aside unless clearly erroneous (clearly against the preponderance of the evidence), and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnessses," citing Rules of Civil Proc., Rule 52.

Here, the driver of the county truck testified he slowed as he approached the red light at the intersection and entered

it when the light changed to green. Although he looked, he did not see the approaching vehicle before being struck by it. His truck was hit on the right side and went into a spin, throwing his two passengers on top of him. He did not recall that his vehicle stopped after the impact, nor did he know "how" or what caused his truck to back up from the scene and onto appellee's property following the collision. However, he acknowledged it was in reverse gear. Even so, he denied placing the vehicle in reverse. A passenger's testimony was to the same effect. The driver of the other vehicle, who is not a party to this action, testified that he could not say whether the light was green or not when he entered the intersection because he was blinded by the sun. However, he had a green light about four seconds from the intersection. He did not see what happened after he struck the truck. The operator of the service station testified he looked up when he heard the collision and saw the truck in a half spin, come to a stop for a few seconds, and then start backwards onto his property where it came to a stop after hitting his pumps. A customer at the damaged service station testified when he heard the collision, he looked around, saw the pickup in a half spin, stop, and then, with the three occupants sitting upright, proceed backwards into the pumps. Another witness testified his testimony would be substantially the same as that of this witness.

It was for the trial court, as the factfinder, to judge the credibility of the witnesses, weigh the evidence, and draw permissible inferences therefrom. In the circumstances, we cannot say that the trial court's finding of negligence on the part of the county's employee is clearly against the preponderance of the evidence.

Affirmed.