W. D. WILSON, Jr. and W. D. Wilson, Sr. *v.* Charlotte ALLEN, Personal Representative of the Estate of Hoyt Allen, Sr.

91-130                                          810 S.W.2d 42

Supreme Court of Arkansas
Opinion delivered June 3, 1991

*Thomas A. Potter*, for appellant.

*Honey & Honey, P.A.*, by: *Marc Honey*, for appellee.

TOM GLAZE, Justice. Appellee, Charlotte Allen, filed suit against appellants, W. D. Wilson, Jr. and his father W. D. Wilson, Sr., alleging that they fraudulently induced her to convey the titles of a 1982 Ford Bronco and a 1984 Ford pickup truck belonging to her deceased husband's estate. Allen further alleged that Wilson, Jr. misrepresented to her that he would sell the two vehicles and pay her the fair market price. Both vehicles were sold, and the proceeds from the Ford Bronco were used to pay off the pickup, but Allen never received the money from the sale of the pickup. The Wilsons alleged that they were robbed before they could give the money to Allen. In a nonjury trial, the trial judge awarded judgment in the amount of $2,600 against the Wilsons.

W. D. Wilson, Sr. appeals from the verdict arguing that there is insufficient evidence to support the court's judgment against him. His son, W. D. Wilson, Jr., is not represented in this appeal. Specifically, Wilson, Sr. contends that he had nothing to do with his son's dealings with Allen. We find no error and therefore affirm.

To prevail in a case of fraud, the plaintiff must show: (1) the defendant made a false, material representation (ordinarily of fact); (2) the defendant had knowledge the representation was false or asserted a fact which he did not know to be true; (3) the defendant intended the plaintiff should act on the representation; (4) the plaintiff justifiably relied on the representation; and

(5) plaintiff was damaged as a result of such reliance. *Malakul* v. *Altech Arkansas, Inc.*, 298 Ark. 246, 766 S.W.2d 433 (1989). On review, findings of fact by a trial court shall not be set aside unless clearly erroneous (clearly against the preponderance of the evidence). *Commercial Union Ins. Co.* v. *Sanders*, 272 Ark. 25, 611 S.W.2d 754 (1981). We have stated that it is for the trial court, as the fact finder, to judge the credibility of the witnesses, weigh the evidence, and draw permissible inferences therefrom. *Id.*

In viewing the evidence in the light most favorable to Allen, as we must, we first look at Allen's testimony of what occurred. Allen said that she met Wilson, Jr. at her place of work when he told her that he sold cars for a living, and offered to sell the two vehicles and pay her the vehicles' fair market price from the sale proceeds. Allen first met Wilson, Sr. when he and his son came to pick up the vehicles to be sold, and Wilson, Sr. drove one of the vehicles away. At this time, Wilson, Jr. told Allen that he needed the titles to both vehicles. Allen owned the Ford Bronco free of any encumbrance, so she possessed that vehicle's title and was able to sign and deliver it immediately. In doing so, she stated to Wilson, Jr., in his father's presence, "Don, please don't run off with the money because I need it." Wilson, Sr. quickly assured her that he would see that his son would not run off with the money.

Apparently, Wilson, Jr. then sold the Bronco and used the money to pay off the outstanding loan on the pickup and to obtain the title to it. Wilson, Jr. later presented Allen with the pickup's title for her signature, and he told Allen that he and his father were going to take the truck to Little Rock to sell it and would bring her the money that afternoon. When Allen failed to hear from the Wilsons that night, she called them and was told by both men that they had been robbed and Allen's money was taken. A couple of days later, Wilson, Sr. brought her a letter written by his son. In that letter, Wilson, Jr. reiterated his earlier story that the Wilsons had been robbed, but further stated that his father was going to the bank for him and would get it worked out.

From the foregoing evidence, the trial court obviously did not believe the Wilsons' story that Allen's money had been stolen in a robbery, and while Wilson, Sr. contends he was not a party to

any material misrepresentation made to Allen, the trial court did not have to believe or accept his story. Also, Wilson Sr. claims that his participation or assurances made in this transaction were not substantial, nor, he further asserts, did his assurances constitute material misrepresentations upon which Allen could reasonably or justifiably rely. We cannot agree.

■ As can be discerned from Allen's version of what occurred, we believe such evidence raised a fact question bearing on these very issues now argued, and we are unable to say the trial court was clearly wrong in finding against Wilson, Sr. on these factual matters. At the very least, we believe the trial court could have found that Wilson, Sr. played a role, albeit a supporting one, in the fraudulent scheme his son perpetrated upon Allen. *See* *Malakul*, 298 Ark. 246, 766 S.W.2d 433.

We affirm.