**James McNEILL and Dennis McNeill, d/b/a McNeill Agency, Inc., Plaintiffs,**

v.

**SECURITY BENEFIT LIFE INSURANCE COMPANY, Defendant.**

**No. LR–C–90–153.**

United States District Court, E.D. Arkansas, Western Division.

Jan. 11, 1993.

Philip J. Duncan, Duncan & Rainwater, Thomas M. Bramhall, Little Rock, AR, for plaintiffs.

Byron L. Freeland, Mitchell, Williams, Selig, Gates & Woodyard, Little Rock, AR, for defendant.

## ORDER

HENRY WOODS, District Judge.

The plaintiffs ("McNeills") were general insurance agents for the defendant insurance company ("Security") before the defendant terminated the agency contract in 1989. The termination was the culmination of a stormy relationship following the defendant's acquisition of a company for which the plaintiffs had long written insurance contracts. The plaintiffs filed this suit alleging wrongful termination of the agency contract as well as misrepresentation, fraud, deceit, bad faith, and tortious interference with a business relationship.

In a related case, these plaintiffs as well as policyholders who had bought policies through the plaintiff agency sued Security on a number of theories, including fraud, bad faith and conversion. *Allison, et al. v. Security Benefit Life Ins. Co.*, LR–C–90–476, 1991 WL 440244. After finding no basis for punitive damage claims in *Allison*, this Court dismissed the *Allison* case without prejudice. Without punitive damage claims, the plaintiffs were unable to meet the requisite $50,000 minimum to support federal diversity jurisdiction. In *Allison v. Security Benefit Life Insurance Company*, 980 F.2d 1213 (8th Cir.1992), the Court of Appeals affirmed this court's summary rejection of punitive damage claims.

In light of the affirmance of *Allison* and the Court of Appeals's recent decision in *Estes v. Time Insurance Company*, 980 F.2d 1228 (8th Cir.1992), this Court now reconsiders its denial of the defendant's amended motion for summary judgment in this case.

As an initial matter, the court notes that the McNeills have no standing to sue on behalf of Security's policyholders or the Arkansas Insurance Commissioner, however egregious Security's conduct was toward

those persons. The Court must reject plaintiffs' claims based on allegations of "a scheme or a plan to deny *policyholders* their rights under the contracts of insurance." (Plaintiffs' Response to Defendant's Amended Motion for Summary Judgment, Doc. # 38, p. 2) (emphasis added). Policyholders may (and have) sue directly.

■ In *Allison, supra,* the Court of Appeals found, upon de novo review, that the fraud allegations contained in the complaint were inadequate, pursuant to Fed.R.Civ. Proc. 9(b). The Court found that the complaint did not state with particularity essential elements of fraud under Arkansas law: (1) the actionable misrepresentations; (2) how Security intended the plaintiffs to act in reliance on each of the alleged misrepresentations; and (3) the nature of the plaintiffs' justifiable reliance on each representation, and the damage resulting from that reliance. *Citing Wilson v. Allen,* 305 Ark. 582, 810 S.W.2D 42 (1991).

The McNeill's fraud allegations in this case are far more attenuated than those of the policyholders in *Allison.* Thus, it is clear that the fraud allegations in the current case fail to state a cause of action and must be dismissed.

Indeed, the only colorable claims the McNeills have standing to bring against Security are for breach of contract in terminating the agency contract and tortious interference with a business expectancy.

■ The defendants are entitled to summary judgment on the wrongful termination of contract claim, because the plaintiffs have failed to counter evidence offered by the defendants that the contract provided for at-will termination by either party to the contract on fifteen days notice. Assuming the plaintiffs' contention to be true that Security cancelled the agency contract in retaliation for the McNeill's vigorous protection of the rights of Security policyholders, there is still no cause of action. While the action of the McNeills in protecting policyholders may be laudable, it does not rise to the level of protected speech or conduct, nor does it constitute a legally impermissible reason for cancelling the agency contract. Simply put,

Security's alleged motivation for cancelling its agency contract with the McNeills provides no basis for a lawsuit, federal or state.

■ The plaintiffs' claim for tortious interference is also untenable. Security's conduct about which the plaintiffs complain was directed toward the policyholders, who were in privity with Security. The plaintiffs complain of Security's conduct toward *Security's* insured.

The crux of the McNeills' argument for tortious interference is that Security's poor performance in servicing insurance contracts with its policyholders damaged McNeill because of the great amount of time they expended trying to correct Security's errors and because Security's conduct sullied McNeill's reputation with policyholders for whom they had written the contracts on behalf of Security's predecessor.

An agent's dissatisfaction with the manner in which a principal deals with customers simply cannot support a tortious interference cause of action, even where, as here, the customers and the agent may have had other dealings apart from the problematic contracts.

Security's alleged bad conduct in this case related solely to performance of contracts between Security and its policyholders. The fact that the conduct reflected badly on the agent is unfortunate, but not actionable. A claim for tortious inference must involve three entities. Because the plaintiffs and Security represented one entity as to the policyholders, there can be no cause of action for tortious interference. *See Estes v. Time Insurance Company, supra* p. 94. *See also, Navorro–Monzo v. Hughes,* 297 Ark. 444, 763 S.W.2d 635 (1989) (because plaintiff and defendant were both employees of same corporation, defendant was entitled to summary on plaintiff tortious interference claim.)

Accordingly, summary judgment is hereby granted to the defendant, Security Benefit Life Insurance Company. This case is dismissed with prejudice.