Obert M. UNDEM *v.* FIRST NATIONAL BANK,
Springdale, Arkansas

CA 93-423                                     879 S.W.2d 451

Court of Appeals of Arkansas
En Banc
Opinion delivered June 15, 1994

*Everett, Stills & Gunderson*, by: *David Stills* and *John C. Everett*, for appellant.

*Cypert, Crouch, Clark & Harwell*, by: *Charles L. Harwell*, for appellee.

JUDITH ROGERS, Judge. Obert M. Undem appeals from a summary judgment for appellee, First National Bank of Springdale, in an action on a promissory note. We agree with appellant that genuine issues of material fact remained to be tried, and reverse and remand.

On May 22, 1989, Joe B. Morris, Sr., C. Thomas Pearson, Jr., Floyd Harris, George Williams, Marjorie Niblock, Vincent Morris, and appellant signed a promissory note in the amount of $250,000.00 to appellee. This note stated that the loan's purpose was to benefit the holding company of Northwest National Bank and had a maturity date of August 22, 1990. On May 31, 1989, Madelyn Harris, Walter Niblock, Marjorie Niblock, Susan Morris, and Delores Williams signed guaranties for this debt.

On August 22, 1990, George Williams, Marjorie Niblock, C. Thomas Pearson, Jr., Floyd Harris, Vincent Morris, and Joe Morris signed extension agreements for the unpaid balance on the note. Appellant did not sign an extension agreement.

On February 28, 1992, appellee sued the parties to the note, guaranties, and extension agreements for the remaining balance due on the note. In his answer to the complaint, appellant admitted signing the note but stated that he had done so

in reliance on the representations of Virginia T. Morris, whom he characterized as appellee's agent. He stated that he had signed the note on Virginia Morris' assurances and representations that appellant's liability on the note would be totally eliminated upon the termination of his membership on the board of directors of Northwest National Bank and its holding company, Northwest Bancorporation of Arkansas, Inc. He alleged that Virginia Morris had agreed to provide documentation of this agreement but did not do so. Appellant stated that he had not been re-elected as a director of Northwest National Bank or Northwest Bancorporation at their respective annual meetings in March 1990. Appellant argued that the renewal of the note on August 22, 1990, without his signature released him from liability on the note. Appellant also claimed fraud and argued that appellee should be estopped from asserting its claim against him.

Appellee moved for summary judgment and, in support, filed the affidavit of Jack Erisman, appellee's vice president, who had handled the transaction involved in this lawsuit. In his affidavit, Mr. Erisman stated that appellee had not given appellant any written or oral release of liability on the note. In response, appellant argued that genuine issues of material fact regarding release, waiver, estoppel, and agency remained for trial. Appellant also filed an affidavit in which he stated:

> 3. That on or about May 22, 1989, and specifically prior to my execution of the promissory note that is the subject of this cause of action, Virginia Morris stated to me that the plaintiff, First National Bank, had engaged her personally to obtain the signatures of each defendant on the promissory note, and that the various documents presented to me by Virginia Morris contained both the name and logo of the First National Bank, and appeared to have been prepared by the plaintiff.

> 4. That prior to my execution of the promissory note and after having stated to me that she had been engaged by the plaintiff, to obtain my signature on the promissory note, Virginia Morris, as an agent of the plaintiff, First National Bank, represented directly to me that my liability on the promissory note would be nominal

only, that I would be relieved from any liability on the promissory note in the event my membership on the Board of Directors of Northwest National Bank and its holding company, Northwest Bancorporation of Arkansas, Inc., was terminated; and that the plaintiff, First National Bank, would not hold me liable on the promissory note thereafter.

5. That in January of 1990, I was not nominated for re-election as a member of the Board of Directors of First National Bank, and its holding company, Northwest Bancorporation of Arkansas, Inc. at the request of Virginia T. Morris since I had not agreed to increase my small investment in stock of either of these corporations.

On February 3, 1993, appellee filed a satisfaction of judgment, stating that it had received $275,977.80. On February 11, 1993, the circuit court granted summary judgment to appellee in the amount of $275,977.80 against the defendants, jointly and severally. The court also found that the total amount of the judgment had been paid to appellee by fewer than all of the defendants and that those defendants who had contributed toward satisfaction of the judgment desired an order of contribution against those who had not contributed a pro rata share. The court held that, contribution being a matter cognizable in equity, the action would be transferred to the Washington County Chancery Court for the purpose of determining the rights of contribution among the defendants. It is from the entry of this summary judgment for appellee that appellant has appealed.

Summary judgment should be granted only when a review of the pleadings, depositions, and other filings reveals that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Watts* v. *Life Ins. Co. of Ark.*, 30 Ark. App. 39, 41, 782 S.W.2d 47 (1990). When the movant makes a prima facie showing of entitlement, the respondent must meet proof with proof by showing a genuine issue as to a material fact. *Wyatt* v. *St. Paul Fire & Marine Ins. Co.*, 315 Ark. 547, 551, 868 S.W.2d 505 (1994). In appeals from the granting of summary judgment, we review facts in a light most favorable to the appellant and resolve any doubt against the moving party. *Wilson* v. *Gen. Elec. Capital Auto Lease, Inc.*, 311

Ark. 84, 86-87, 841 S.W.2d 619 (1992); *Thomas* v. *Sessions*, 307 Ark. 203, 205, 818 S.W.2d 940 (1991).

Appellant argues that a genuine issue of material fact remained in regard to fraud, misrepresentation, agency, and estoppel. In short, appellant argues that the bank's purported agent, Virginia Morris, fraudulently induced appellant to sign the promissory note. Appellant also argues that appellee should be estopped because it had made it possible for Mrs. Morris to perpetrate fraud against appellant.

██ Appellant's fraudulent inducement argument regarding the execution of the note rests upon Mrs. Morris' status as an agent for appellee. The relation of agency is created as the result of conduct by two parties manifesting that one of them is willing for the other to act for him subject to his control, and that the other consents to so act. *First Commercial Bank* v. *McGaughey Bros., Inc.*, 30 Ark. App. 174, 177, 785 S.W.2d 236 (1990). Ordinarily, agency is a question of fact to be determined by the jury; but where the facts are undisputed, and only one inference can be reasonably drawn from them, it becomes a question of law. *Id.*

██ Additionally, whether an agent is acting within the scope of his actual or apparent authority is a question of fact for the jury to determine. *Henry* v. *Gaines-Derden Enters., Inc.*, 314 Ark. 542, 551, 863 S.W.2d 828 (1993). In *Hawthorne* v. *Davis*, 268 Ark. 131, 133, 594 S.W.2d 844 (1980), the supreme court stated that circumstantial evidence may be sufficient to establish agency, and the declarations of the purported agent may be used to corroborate other evidence of agency.

The dissent argues that appellant has produced insufficient facts of agency to withstand summary judgment and bases this argument on the rule of law that apparent agency cannot be founded solely on assertions made by the alleged agent; there must be some form of holding out or representation by the alleged principal. *See Arkansas Poultry Fed'n Ins. Trust* v. *Lawrence*, 34 Ark. App. 45, 805 S.W.2d 653 (1991). The dissent analogizes this case to *First Commercial Bank* v. *McGaughey Brothers, Inc.*, 30 Ark. App. 174, 785 S.W.2d 236 (1990). In that case, we held that the trial court had erred in submitting the issue of agency to

the jury. At trial, in *First Commercial Bank*, the guarantor presented no evidence of agency; he only testified to his assumption that the representations of the borrower seeking his signature were acting as agents of the bank. We held that that issue should have been determined as a matter of law because the evidence was insufficient to create a question of fact. *Id.* at 186. We noted that courts have held that, when a bank directs a borrower to obtain the signature of another on a personal guaranty as a condition of making a loan, the act of the borrower in obtaining the signature is one for his own benefit, and the borrower is not the agent of the bank. *Id.* at 177.

■ *First Commercial Bank* v. *McGaughey Brothers* is distinguishable from this case, however. First, the question on appeal is not whether sufficient evidence was presented at trial to go to the jury; instead, we are asked to decide whether the appellant will even have the opportunity to present his defenses at a trial. Second, the parties seeking the guarantor's signature in *First Commercial Bank* v. *McGaughey Brothers* were commissioners of the debtor improvement district. Here, we do not know who Virginia Morris is or the precise nature of her relationship to appellant or the bank. Appellant has, however, stated in his affidavit that she acted as the bank's agent in obtaining his signature.

We hold that, in his affidavit, appellant adequately demonstrated the existence of a genuine issue of material fact regarding Mrs. Morris' status as an agent of appellee. As explained below, we also believe appellant sufficiently demonstrated that issues of fact regarding fraudulent inducement and estoppel should be tried.

■ In order to avoid a contract on the basis of fraudulent misrepresentation, the party asserting this defense must prove that false representations were made and that these representations were material to the contract. *Wilson* v. *Allen*, 305 Ark. 582, 583-84, 810 S.W.2d 42 (1991).

■ Appellee argues that the parol evidence rule should apply. We disagree. It has often been held that the rule forbidding the addition, alteration, or contradiction of a written instrument by parol testimony of antecedent and contemporaneous

negotiations does not apply where there is an issue of fraud in the procurement of the writing. *Hamburg Bank* v. *Jones*, 202 Ark. 622, 624, 151 S.W.2d 990 (1941).

Appellee also argues that representations relating solely to future events, or which are promissory in nature, do not afford a basis for actionable fraud. Appellee argues that fraud must relate to a present or pre-existing fact and cannot ordinarily be predicated on promises or statements as to what will be done in the future. In *Anthony* v. *First National Bank of Magnolia*, 244 Ark. 1015, 1028, 431 S.W.2d 267 (1968), the supreme court stated that representations that are promissory in nature or of facts that will exist in the future, though false, do not support an action for fraud. The court went on to state, however, that this rule would not apply if the party making the false promise knew at the time that it would not be kept. *Id. See also Pierce* v. *Sicard*, 176 Ark. 511, 3 S.W.2d 337 (1928). It has often been held that the issue of intent is a question of fact. *See Elkins* v. *Arkla, Inc.*, 312 Ark. 280, 281, 849 S.W.2d 489 (1993).

With regard to appellant's estoppel argument, appellant states in his brief that, by providing the promissory note to Virginia Morris with instructions to obtain appellant's and the other debtors' signatures, appellee made it possible for Mrs. Morris to perpetrate fraud. Appellant argues that, where one of two innocent persons must suffer because of the fraud of a third, the one who, by his own conduct and neglect, made the fraud possible or facilitated its perpetration is the one who must bear the loss.

Estoppel is a doctrine which involves both, not just one, of the parties; the party claiming estoppel must prove he relied in good faith on some act or failure to act by the other party and that, in reliance on that act, he changed his position to his detriment. *Worth* v. *Civil Serv. Comm'n*, 294 Ark. 643, 646, 746 S.W.2d 364 (1988). A party who by his acts, declarations, or admissions, or by his failure to act or speak under circumstances where he should do so, either with design or willful disregard of others, induces or misleads another to conduct or dealings which he would not have entered upon, but for such misleading influence, will not be allowed, because of estoppel, afterward to assert his right to the detriment of the person so misled. *Beard* v. *Ford Motor Credit Co.*, 41 Ark. App. 174, 185,

850 S.W.2d 23 (1993). Estoppel *in pais* is the doctrine by which a person may be precluded by his acts or conduct, or by failure to act or speak under circumstances where he should do so, from asserting a right which he otherwise would have had. *Daves* v. *Hartford Accident and Indem. Co.*, 302 Ark. 242, 247, 788 S.W.2d 733 (1990). Estoppel *in pais* or equitable estoppel may be pled in both courts of equity and courts of law. *Northwestern Nat'l Life Ins. Co.* v. *Heslip*, 302 Ark. 310, 312, 790 S.W.2d 152 (1990). In *Dickson* v. *Delhi Seed Co.*, 26 Ark. App. 83, 93, 760 S.W.2d 382 (1988), this Court stated: "It is well settled that whether estoppel is applicable is an issue of fact to be decided by the trier of fact."

Based upon the facts set forth in appellant's affidavit and the legal principles discussed above, we believe that appellant adequately demonstrated the existence of genuine issues of material fact regarding agency, fraudulent inducement, and estoppel. Accordingly, we hold that the circuit court erred in awarding summary judgment to appellee.

Reversed and remanded.

Cooper, J., dissents.

Jennings, C.J., not participating.

James R. Cooper, Judge, dissenting. The appellant's entire case hinges upon his allegations that Virginia Morris was the actual agent of First National Bank, or that apparent agency existed because Ms. Morris had possession of the promissory note bearing the bank's letterhead. I dissent because I am convinced that the appellant failed to present proof of Ms. Morris' agency, an essential element of his claim, and that the appellee was thus entitled to judgment as a matter of law. *See Short* v. *Little Rock Dodge, Inc.*, 297 Ark. 104, 759 S.W.2d 553 (1988).

The majority cites no facts to support the allegation of actual agency. With regard to apparent agency, the only fact relied upon is that Ms. Morris possessed the loan documents. However, we have recently said that:

> [W]hen a bank directs a borrower to obtain the signature of another on a personal guarantee as a condition of making a loan, the act of the borrower in obtaining the signa-

ture is one for his own benefit and *the borrower is not the agent of the bank.*

*First Commercial Bank* v. *McGaughey Brothers, Inc.*, 30 Ark. App. 174, 785 S.W.2d 236 (1990) (emphasis supplied). It is black-letter law that apparent authority can exist only to the extent that a reasonably prudent person, using diligence and discretion, would naturally suppose the agent to possess in view of the principal's conduct. *Arkansas Poultry Federation Ins. Trust* v. *Lawrence*, 34 Ark. App. 45, 805 S.W.2d 653 (1991). In my view, the agency issue in this case can be summarized as follows: evidence of actual agency is absent, as the majority concedes when it notes that "we do not know who Virginia Morris is or the precise nature of her relationship to the appellant or the bank," and the only conduct of the alleged principal relied upon to show agency, i.e., providing Ms. Morris with the loan documents, has been held to be insufficient to show implied agency as a matter of law. *First Commercial Bank* v. *McGaughey Brothers, Inc., supra.*

It should be pointed out that I do not disagree with the majority's view of the facts of this case, or with its statements concerning the substantive law of agency. Instead, the difference of opinion in the case at bar stems from divergent views regarding the standard to be applied to appeals from summary judgments. This is understandable in light of the rapid development of this area of the law in recent years. The majority presumably embraces the "scintilla of evidence" rule whereby the court considering summary judgment, resolving all credibility issues in favor of the non-movant, determines whether there are any facts from which a jury could reasonably *infer* ultimate facts upon which a claim depends; if there is a scintilla of evidence supporting the non-moving party, summary judgment will be denied under this rule. Some support for the applicability of this rule in Arkansas is found in *Thomas* v. *Sessions*, 307 Ark. 203, 818 S.W.2d 940 (1991).

I believe, however, that our Supreme Court has adopted the standard enunciated in *Celotex Corp.* v. *Catrett*, 477 U.S. 317 (1986), whereby the question is whether, on the basis of the summary judgment record, a reasonable jury could find in favor of the non-moving party at trial. *See generally* J. Watkins, *Summary*

*Judgment Practice in Arkansas: Celotex, the Scintilla Rule, and Other Matters*, 15 UALR L.J. 1 (1992). My view is supported by *Short* v. *Little Rock Dodge, Inc., supra*, where our Supreme Court said that:

> It is proper to grant a summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ark. R. Civ. P. 56(c). In *Celotex Corp.* v. *Catrett*, 477 U.S. 317 (1986), the Supreme Court interpreted F.R.C.P. 56, which is identical to our rule in every material respect, as permitting a summary judgment when a plaintiff cannot offer proof of a material element of the claim. We agree with the Supreme Court's rationale that when a party cannot present proof on an essential element of her claim there is no remaining genuine issue of material fact, and the party moving for a summary judgment is entitled to judgment as a matter of law.

It would appear under the rule enunciated in *Short, supra*, that the test on appeals from summary judgments would be analogous to that applied to directed verdicts. *See Watkins, supra; see also Short, supra* (Glaze, J., dissenting). I submit that this is the applicable standard, and that we should therefore affirm because a reasonable jury could not have found for the appellant on the basis of the summary judgment record in the case at bar.

Finally, it should be noted that the precise issue upon which this dissent is based will soon be before the Arkansas Supreme Court. We recently granted a motion to transfer to the Supreme Court in *Dodds* v. *Hanover Insurance Co.*, CA 93-1152. The issue requiring transfer was the interpretation of Ark. R. Civ. P. 56 to determine whether the *Celotex* rule, as followed by the Arkansas Supreme Court in *Short, supra*, is applicable where there was a failure of proof concerning agency. The *Dodds* case is scheduled for oral argument before the Supreme Court on July 5, 1994, and will hopefully resolve the issue giving rise to this dissent.

I respectfully dissent.