Oscar STILLEY *v.* Margaret JAMES,
Rick Grinnan, Linda Varnado, and Alban Varnado

00-1463; 01-88                                53 S.W.3d 524

Supreme Court of Arkansas
Opinion delivered September 13, 2001
[Petition for rehearing denied September 20, 2001.]

*Oscar Stilley*, for appellant.

*Mike Spades, Jr.*; and *Cross, Gunter, Witherspoon & Galchus, P.C.*,
by: *Abraham W. Bogoslavsky*; for appellees.

PER CURIAM. Appellant Oscar Stilley has filed a motion requesting each justice on this court to disqualify from hearing the petition for rehearing that he has filed in *Stilley v. James*,

345 Ark. 362, 48 S.W.3d 521 (2001). He likewise requests each justice to disqualify from the pending appeal in *Stilley v. James*, No. 01-88. We heard oral argument on the motion on September 13, 2001, at which time Mr. Stilley and Appellees' counsel, Abraham Bogoslavsky, were heard. After considering the arguments, both written and oral, we deny the motion.

■■ While it is true that judges must refrain from presiding over cases in which they might be interested and must avoid all appearance of bias, there is a presumption of impartiality, and the party seeking disqualification bears the burden of proving bias or prejudice. *See Seeco, Inc. v. Hales*, 341 Ark. 673, 22 S.W.3d 157 (2000); *Wilson v. Neal*, 341 Ark. 282, 16 S.W.3d 228 (2000), *cert. denied*, 121 S. Ct. 1355 (2001). Mr. Stilley has failed to cite any convincing authority or legal argument in support of his motion. Particularly, he has not set forth any reason why any individual justice should disqualify. He has not alleged that any justice has a personal or financial interest in these cases. Nor has he in any way rebutted the presumption that each justice on this court is impartial. In other words, he has failed to demonstrate any bias or prejudice on the part of any justice. We agree with Appellees' counsel that the mere fact that this court has, on occasion, ruled against Mr. Stilley's clients does not constitute grounds sufficient to require this court to disqualify from hearing the cases at issue.

■ Moreover, Mr. Stilley offers his concern over the language in *Stilley*, 345 Ark. 362, 369, 48 S.W.3d 521, 526, wherein this court stated that "[i]n support of his argument that parol evidence is appropriate in this case, Mr. Stilley cites a single case, *Hamburg Bank v. Jones*, 202 Ark. 622, 161 S.W.2d 990 (1941)." He asserts that he cited three cases. Suffice it to say that Mr. Stilley cited only one case that was relevant. That case, however, was distinguishable from the facts presented in *Stilley*, 345 Ark. 362, 48 S.W.3d 521. Accordingly, each justice individually declines to disqualify.

Motion denied.