TRISKA *v*. SAVAGE.

4-9520                    239 S. W. 2d 1018

Opinion delivered May 28, 1951.

Rehearing denied June 25, 1951.

*J. F. Holtzendorff, Virgil R. Moncrief* and *John W. Moncrief*, for appellant.

*M. F. Elms*, for appellee.

GEORGE ROSE SMITH, J.  This is a suit by the appellee to recover a balance alleged to be due upon a contract under which he produced a rice crop upon land owned by the appellant.  The defendant contended below that the parties had already agreed upon a final settlement of their accounts and that in any event the items which the plaintiff sought to collect were to be paid by the tenant rather than by the landlord.  The jury returned a verdict for the plaintiff in the amount of $866.09, upon which judgment was entered.

The two litigants were the only witnesses at the trial, and no objections were made to any material testimony. In January, 1949, the parties made a written contract by

which Triska leased certain land to Savage, primarily for the production of rice. The contract provides that Triska will furnish the seed rice, water for irrigation, and all machinery necessary for cultivation and harvesting, and that Savage will perform all necessary labor in return for one-fourth of the rice crop. After a crop had been made under this arrangement the present dispute arose.

Triska contends that the parties arrived at a settlement in November, 1949. He testified that he then owed Savage a balance of $128.08 and that he accepted seventy-five bushels of inferior rice as a final settlement of the account. Savage, however, disputes this version of the matter. Savage testified that when Triska bought this rice he had not yet "figured out how much I owed him and how much he owed me." Savage said that he had never been told how many bushels of rice were produced in all and that the only statements he received were three penciled accountings. These statements were received in evidence and appear to be merely periodic statements of an account current, the last one being dated in October. Upon this conflicting testimony the trial court properly submitted this issue to the jury.

The items which Savage seeks to recover represent expenditures for fuel, oil, gasoline, grease, binder twine, and the hire of wagons and teams. The written contract is silent as to all these items. At the trial both parties tacitly treated the contract as ambiguous and were permitted to testify without objection as to their recollection of the oral negotiations that led to the written agreement. Savage testified that the understanding was that the landlord would furnish everything except labor, while Triska said that he was to furnish only the items specifically mentioned in the contract. The document is equally susceptible of either interpretation. We have held that when a written contract is ambiguous its meaning should be left to the jury. *Agey* v. *Pederson,* 191 Ark. 497, 86 S. W. 2d 930. Here the court followed that course, and the verdict concludes this issue.

82

It was Triska's attorney who drafted the contract. Triska complains of an instruction by which the court told the jury that if there were any ambiguity in the contract it was to be construed against the party who had prepared it. This is a correct declaration of a familiar rule of law, and we find no error in the giving of such a charge. In a number of cases similar instructions concerning the interpretation of ambiguous contracts have been approved. *Metropolitan Life Ins. Co.* v. *Bovello,* 56 App. D. C. 275, 12 F. 2d 810; *Clarke* v. *New Amsterdam Cas. Co.,* 180 Calif. 76, 179 P. 195; Branson, Instructions to Juries (3d Ed.) § 1254. It may true, as the appellant urges, that other rules of construction are also pertinent to the interpretation of this agreement. But if the defendant wanted the jury to consider those rules it was his duty to submit instructions embodying them, and that he did not do.

Affirmed.