## PREPAKT CONCRETE COMPANY *v.*
## WHITEHURST BROS., INC.

77-31                                         552 S.W. 2d 212

Opinion delivered June 13, 1977
(Division I)
[Rehearing denied July 18, 1977.]

*Wright, Lindsey & Jennings,* for appellant.

*Plegge, Lowe & Whitmore,* for appellee.

CONLEY BYRD, Justice. Appellee Whitehurst Bros., Inc. was the General Contractor for the construction of the Central Fire Station for the City of Little Rock. At the time of letting the bids, appellant Prepakt Concrete Co. had submitted a proposal for a subcontract "To furnish equipment, material and labor to install 231—14 [inch] Diameter Cast-in-Place augered pile in accordance with plans and specifications by Wilkins, Griffin, Sims, Architects." After appellant had been approved by the owner and architect, appellee accepted appellant's subcontract proposal in Arkansas. Appellant subsequently caused the contract to be marked "Accepted by Prepakt: F. B. Akers, Jr., Executive Vice-President" at its

home office in Ohio. The work has been performed in Arkansas. The issue now between the parties arises over wheher the parties shall arbitrate the dispute in question in Ohio as contended by appellant or in Arkansas as contended by appellee. Appellee denies any liability to appellant but in the alternative makes demands against the City of Little Rock.

The arbitration agreement in the subcontract proposal submitted to appellee at the time of its bids on the General Contract provides:

"Any controversy or claim arising out of or relating to this agreement, or any alleged breach thereof shall be settled by arbitration under the rules and regulations of the American Arbitration Association. Any arbitration shall be held, and any award shall be made and judgment upon any such award may be entered in the county of the State wherein this agreement is finally consummated. Upon mutual agreement, arbitration may be held, award made and judgment entered elsewhere."

The plans and specifications submitted by the architects provided for the settlement of claims and disputes "by arbitration in accordance with the Uniform Arbitration Act of Arkansas."

The trial court restrained appellant from demanding that the arbitration be held in Ohio and concluded "that the parties hereto must proceed in accordance with the Uniform Arbitration Act of Arkansas. . . ." We agree with the trial court but not necessarily for the same reasons.

In the first place, appellant has shown no prejudice because it has not shown that the arbitration procedure under the rules and regulations of the American Arbitration Association is any different than the procedure outlined in the Uniform Arbitration Act of Arkansas (assuming that the Uniform Arbitration Act of Arkansas would permit a different procedure). In the next place, we cannot agree with appellant that the subcontract arising out of a proposal submitted in Arkansus, accepted by the General Contractor in Arkansas and performed in Arkansas should be construed as

"an agreement . . . finally consummated" at any place other than Arkansas. Since appellant prepared the language upon which it relies to take the arbitration proceedings to Ohio, we must apply the well-known rule of contract construction that if there is any ambiguity in the contract, it must be construed most strongly against the preparer. *Leslie* v. *Bell,* 73 Ark. 338, 84 S.W. 491 (1904).

Affirmed.

We agree: HARRIS, C.J., and FOGLEMAN and HICKMAN, JJ.