**Eldon NEUJAHR, Appellant,**

v.

**PRODUCERS COMMISSION ASSOCIATION, Appellee.**

**No. 87–2273.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 2, 1988.

Decided Feb. 12, 1988.

John R. Brogan, York, Neb., for appellant.

John R. Douglas, Omaha, Neb., for appellee.

Before ARNOLD, FAGG, and WOLLMAN, Circuit Judges.

ARNOLD, Circuit Judge.

This is an action for breach of an alleged oral contract of employment. The plaintiff claims that the defendant agreed to employ him for three years, but then discharged him after six months, in breach of the agreement. On motion for judgment on the pleadings, the District Court[1] ruled for defendant and dismissed the complaint. The District Court held that the action was barred by the Nebraska Statute of Frauds, Neb.Rev.Stat.

On appeal, plaintiff contends that a written memorandum of the alleged oral agreement, sufficient to take it out of the statute, was delivered to him shortly after he commenced his employment with defendant. In general, a contract within the statute of frauds is nevertheless enforceable if it is evidenced by a writing, signed by or on behalf of the party to be charged, which meets certain qualifications. One of these qualifications is that the writing

---

1. The Hon. Warren K. Urbom, United States District Judge for the District of Nebraska.

must state with reasonable certainty the essential terms of the unperformed promises in the alleged oral contract. *Restatement (Second) of Contracts* § 131. Here, the writing which plaintiff relies on as fulfilling these requirements was attached to his complaint. It clearly fails to contain a number of the material terms of the alleged oral agreement. For example, it does not state the salary at which plaintiff was to be employed, nor does it provide for the various kinds of insurance that plaintiff claims he was promised. Provisions of this kind, we think, are essential elements of the alleged oral contract. A writing that does not refer to them cannot save the contract from the statute of frauds. See *Ancom, Inc. v. E.R. Squibb & Sons, Inc.,* 658 F.2d 650 (8th Cir.1981).

Counsel for appellant has requested oral argument, but we believe that the legal issues are clear and that no good purpose would be served by an argument. The request is therefore overruled, and the judgment of the District Court is

Affirmed.