Stowe HOFFIUS *v.* Paul A. MAESTRI

CA 89-418                                 786 S.W.2d 846

Court of Appeals of Arkansas
Division II
Opinion delivered April 4, 1990

*Truman H. Smith*, for appellant.

*Jeff H. Watson*, for appellee.

JAMES R. COOPER, Judge. Stowe Hoffius appeals from a summary judgment for the appellees, Paul Maestri and P.A.M. Transportation Services, Inc. The appellant brought this action for breach of an alleged three-year employment contract. Maestri is the president, chairman of the board, and chief executive officer of P.A.M. In his complaint, the appellant alleged that, in March 1987, he met with Maestri to discuss his employment with P.A.M. and that Maestri agreed to certain terms and conditions and instructed the appellant to meet with George Smith, the executive vice president and chief operating officer for P.A.M. A written contract was not prepared, but, according to the appellant, Maestri assured him that "his word was his bond." On April 4, 1987, the appellant entered into an employment contract with P.A.M. as vice president of maintenance, and a handwritten memorandum was prepared, which provided:

4/4/87

| 1st year | | Bonus |
|---|---|---|
| Salary | $75,000 | *$75,000 |
| 2nd year | $90,000 | $90,000 |
| 3rd year | $105,000 | $105,000 |

$75,000 Life Insurance
Car 15K to 18K

No waiting period on insurance

7500 shares stock 1st year
17500 shares stock 2nd year
  The above options on 5 yr plan

3 wks vacation

Moving expenses from Ft. Smith to Springdale area one time

*Bonus is guaranteed.

/s/ George Smith              /s/ Stowe Hoffius

In February 1988, the appellant was terminated as an employee of P.A.M.

In his complaint, the appellant alleged that he had an enforceable written employment contract with P.A.M.; that the appellees had breached this contract, and terminated him without cause; and that they had made "certain [untrue] statements concerning [the appellant's] job performance" that had caused damage to his reputation in the transportation industry. The appellant also stated that he had detrimentally relied upon the appellees' representations, had sacrificed a secure and well-paying job, and had moved his family to Washington County in reliance upon the agreement.

Maestri first moved to dismiss under Ark. R. Civ. P. 12(b)(6). In its answer, P.A.M. asserted the statute of frauds as a complete bar to the appellant's cause of action. Maestri and P.A.M. later moved for summary judgment on the basis of the statute of frauds. In his response to the motion for summary judgment, the appellant asserted that the memorandum satisfies the statute of frauds. The appellant also filed an affidavit with the circuit court, in which he stated:

(1) That I was employed by P.A.M. Transportation Services, Inc., and entered into a memorandum agreement of employment on April 4, 1987.

(2) That the agreement between myself and P.A.M. Transportations Services, Inc., was personally negotiated with the defendant, Paul A. Maestri, and that he guaranteed same.

(3) That the employment contract discussed between

myself and the defendants detailed my annual salary for a period of three years, plus annual guaranteed bonuses and guaranteed stock, options in addition to paid up life insurance, automobile allowances and paid vacation.

(4) At the time I entered into the employment agreement with the defendants, I was employed by Cummins Mid-South in Fort Smith, Arkansas. I had been employed by Cummins Mid-South for a period in excess of six years and had tenure. Further, there was detrimental reliance on my part in becoming an employee of the defendants.

(5) That the defendants breached their agreement on February 10, 1988, by terminating my employment without justifiable grounds, and I have suffered damages as a result of this breach.

In April 1989, Maestri again moved for summary judgment on the additional ground that he was not a party to any contract with the appellant and that the appellant's deposition revealed that, as a matter of law, the appellant had no claim for damages to his reputation. A portion of the appellant's deposition states:

Now, my question is did you ever work for Paul Maestri personally?

A: In an employer/employee relationship?

*BY MR. WATSON:*

Q: Right. Employer/Employee relationship.

A: I'm — the personally. I'm kind of —

Q: Well, who did you work for during the months of April 1987 through February of 1988?

A: I worked for P.A.M. Transport.

Q: OKAY.

A: Or P.A.M. Transportation Services. I did report to Paul Maestri, but I don't think that's what you're asking me, is it?

Q: Reported to him as an employee?

A: Right.

Q: Did you ever work for Mr. Maestri personally?

A: No, I did not.

Q: Did you ever have an agreement or a contract where Mr. Maestri would be personally responsible for your employment?

A: I guess no.

Q: So you were actually employed by P.A.M.; isn't that correct?

A: That's correct.

After hearing arguments on the motions, the circuit court entered summary judgment for Maestri and P.A.M., in which it stated:

> 2. That there is no showing that the separate defendant, Paul A. Maestri, was individually liable to the plaintiff under any employment contract and that any actions taken by him in hiring of the plaintiff was done in the scope of his employment with P.A.M. Transportation Services, Inc.

> 3. That the claim of the plaintiff for breach of employment contract is barred by the statute of frauds against both defendants, Paul A. Maestri and P.A.M. Transportation Services, Inc.

> 4. That there is no showing of a genuine issue as to slander or statements made with malicious intent by either defendant against the plaintiff.

On appeal, the appellant has not pursued his claims of damage to his reputation. As for the breach of contract claim against Maestri, Maestri did not sign the memorandum, and the appellant's deposition supports a finding that there is no material issue of fact with regard to that claim. The summary judgment for Maestri is affirmed in all respects. The summary judgment for P.A.M. is also affirmed as to the appellant's claim for slander. We reverse as to the appellant's breach of contract action against P.A.M., however, and remand that issue for trial for the reasons discussed below.

In his brief, the appellant has argued that the trial court erred in finding that the written memorandum of the oral contract was insufficient to satisfy the statute of frauds. He argues that the memorandum sufficiently identified the essential terms of the agreement; that the contract is ambiguous and that extrinsic evidence can be introduced to interpret it; and that the representations by the appellee and the appellant's reliance thereon bar the application of the statute of frauds.

Summary judgment is an extreme remedy and should be granted only when it is clear that there is no issue of fact to be decided. *Johnson* v. *Stuckey & Speer, Inc.*, 11 Ark. App. 33, 35, 665 S.W.2d 904, 906 (1984). The object of summary judgment is not to determine any issue of fact, but to determine whether there is an issue of fact to be tried; if there is any doubt, the motion should be denied. *Rowland* v. *Gastroenterology Assoc., P.A.*, 280 Ark. 278, 280, 657 S.W.2d 536, 537 (1983). Summary judgment should be granted only when a review of the pleadings, depositions, and other filings reveals that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Township Builders, Inc.* v. *Kraus Constr. Co.*, 286 Ark. 487, 490, 696 S.W.2d 308, 309 (1985). Once the moving party makes a prima facie showing of entitlement to summary judgment, the party opposing summary judgment must meet proof with proof by showing a genuine issue as to a material fact. *Hughes Western World, Inc.* v. *Westmoor Mfg. Co.*, 269 Ark. 300, 301, 601 S.W.2d 826, 827 (1980).

Arkansas Code Annotated Section 4-59-101 (Supp. 1989) provides in part as follows:

> (a) Unless the agreement, promise, or contract, or some memorandum or note thereof, upon which an action is brought is made in writing and signed by the party to be charged therewith, or signed by some other person properly authorized by the person sought to be charged, no action shall be brought to charge any:

> . . . .

> (6) Person, upon any contract, promise, or agreement, that is not to be performed within one (1) year from the making of the contract, promise, or agreement.

The appellant argues that parol evidence is admissible to explain the memorandum in the case at bar because it is ambiguous. We disagree. In the Restatement (Second) of Contracts Section 131 (1979), it is provided:

> Unless additional requirements are prescribed by the particular statute, a contract within the Statute of Frauds is enforceable if it is evidenced by any writing, signed by or on behalf of the party to be charged, which
>
> (a) reasonably identifies the subject matter of the contract,
>
> (b) is sufficient to indicate that a contract with respect thereto has been made between the parties or offered by the signer to the other party, and
>
> (c) states with reasonable certainty the essential terms of the unperformed promises in the contract.

■■ The generally accepted rule is that the "memorandum must show a completed contract, and if the parties have left an essential part of the agreement for future determination, it shows merely an incomplete contract." 72 Am. Jur. 2d *Statute of Frauds* Section 289 (1974). In 72 Am. Jur. 2d *Statute of Frauds* Section 339 (1974), it is provided in part:

> [T]he general rule is that the memorandum, in order to satisfy the statute, must contain the essential terms of the contract, expressed with such certainty that they may be understood from the memorandum itself or some other writing to which it refers or with which it is connected, without resorting to parol evidence. Under this rule, the memorandum must completely evidence the contract which the parties made by giving all of the essential or material terms of the contract, and must show the promise or obligation which is sought to be enforced. The writing must be such that all of the contract can be collected therefrom, resort cannot be had to the terms of the oral contract to supply deficiencies in the memorandum. A contract in writing which leaves some essential term thereof to be shown by parol is only a parol contract, and is, therefore, not enforceable under the statute of frauds. A memorandum disclosing merely that a contract has been

made, without showing what the contract is, is not sufficient to satisfy the statute of frauds that there be a memorandum in writing of the contract.

A deficiency in a memorandum cannot, therefore, be supplied by parol evidence. The memorandum must be sufficient in itself to satisfy the statute of frauds; only then can parol evidence be admitted to explain ambiguities. 72 Am. Jur. 2d *Statute of Frauds* Section 296 (1974).

In *Wyatt* v. *Yingling*, 213 Ark. 160, 162-163, 210 S.W.2d 122, 123 (1948), the Arkansas Supreme Court affirmed the principle that a memorandum in writing which leaves an essential term of the asserted contract to be shown by parol evidence is not enforceable under the statute of frauds. In *Boensch* v. *Cornett*, 267 Ark. 671, 674, 590 S.W.2d 55, 56-57 (Ark. App. 1979), we followed this principle. *See also Izard* v. *Connecticut Fire Ins. Co.*, 128 Ark. 433, 435-46, 194 S.W. 1032, 1033 (1917); *Neujahr* v. *Producers Comm'n Ass'n*, 838 F.2d 1003, 1004 (8th Cir. 1988).

■ Here, we agree with the appellees that (1) the memorandum lacks a reference to P.A.M. or Maestri; (2) it is impossible to ascertain the subject matter of the contract; (3) the memorandum does not describe the appellant's employment duties; (4) the memorandum does not specifically list the term of employment; and (5) it is impossible to determine what all of the figures on the memorandum represent. Further, *Neujahr, supra,* does not support the appellant's argument that a memorandum is sufficient if it simply provides for salary and insurance. In that case, those items were omitted from the memorandum, and the court found them to be essential terms of the contract. We hold that the memorandum involved in this dispute does not satisfy the statute of frauds.

■ Our inquiry cannot end here, however, because detrimental reliance, alleged by appellant, may bar the application of the statute of frauds. In *Country Corner Food and Drug, Inc.* v. *Reiss*, 22 Ark. App. 222, 225-26, 737 S.W.2d 672, 674 (1987), we stated:

Even if the statute of frauds were applicable to the employment contract in question, the evidence presented

below reveals sufficient detrimental reliance on the part of appellee to take the contract out of the operation of the statute of frauds. "Where one has acted to his detriment solely in reliance on an oral agreement, an estoppel may be raised to defeat the defense of the statute of frauds." 73 Am. Jur. 2d *Statute of Frauds*, 565 (1974). "An estoppel may be raised to defeat the defense of the statute of frauds although there is no fraud in the inception of the contract." *Id.* at 567. Additionally, we have held that estoppel may prevent the application of the statute of frauds. [*Ralston Purina Co.* v. *McCollum*, 271 Ark. 840, 611 S.W.2d 201 (Ark. App. 1981).]

. . . .

Here, appellee testified that, in reliance upon appellant's promises of employment and benefits, including health insurance coverage for the pregnancy and birth, as well as family health insurance coverage following the child's birth, appellee quit his job, giving up the benefits attendant thereto, and moved his family to Greenbrier, Arkansas. This is sufficient detrimental reliance to remove the employment contract from the operation of the statute of frauds.

In the Restatement (Second) of Contracts Section 139 (1979), it is provided:

(1) A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce the action or forbearance is enforceable notwithstanding the Statute of Frauds if injustice can be avoided only by enforcement of the promise. The remedy granted for breach is to be limited as justice requires.

(2) In determining whether injustice can be avoided only by enforcement of the promise, the following circumstances are significant:

(a) the availability and adequacy of other remedies, particularly cancellation and restitution;

(b) the definite and substantial character of the action

or forbearance in relation to the remedy sought;

(c) the extent to which the action or forbearance corroborates evidence of the making and terms of the promise or the making and terms are otherwise established by clear and convincing evidence;

(d) the reasonableness of the action or forbearance;

(e) the extent to which the action or forbearance was foreseeable by the promisor.

*See also Lucas* v. *Whittaker Corp.*, 470 F.2d 326, 328 (10th Cir. 1972); 73 Am. Jur. 2d *Statute of Frauds* Section 565 (1974).

■ In *Dickson* v. *Delhi Seed Co.*, 26 Ark. App. 83, 93, 760 S.W.2d 382, 388 (1988), we stated that "[i]t is well settled that whether estoppel is applicable is an issue of fact to be decided by the trier of fact," and held that summary dismissal of the complaint was not appropriate because a question of fact existed. In *Blevins* v. *Safeway Stores*, 25 Ark. App. 297, 300, 757 S.W.2d 569, 570 (1988), we held that the issue of estoppel is generally one of fact. Here, material issues of fact clearly remain to be tried.

We agree, however, with the appellees' argument that the appellant failed to properly raise his claim that the appellees breached the covenant of good faith and fair dealing. *See American Medical Int'l, Inc.* v. *Arkansas Blue Cross and Blue Shield*, 299 Ark. 514, 518, 773 S.W.2d 831, 833 (1989).

The summary judgment against P.A.M. on the breach of contract issue is reversed and remanded for trial.

Affirmed in part; reversed and remanded in part.

CRACRAFT and JENNINGS, JJ., agree.