Dave JOHNSON *v.* HARRYWELL, INC.

CA 93-971                                               885 S.W.2d 25

Court of Appeals of Arkansas
Division I
Opinion delivered October 12, 1994

*Charles G. Vaccaro*, for appellant.

*Donald M. Spears*, for appellee.

JOHN MAUZY PITTMAN, Judge. Dave Johnson has appealed from a summary judgment awarded to appellee, Harrywell, Inc., by the Garland County Circuit Court. In the order, the circuit judge found that appellant's suit was subject to the statute of frauds, Ark. Code Ann. § 4-59-101(a)(6) (Repl. 1991), which provides:

> Unless the agreement, promise, or contract, or some memorandum or note thereof, upon which an action is brought is made in writing and signed by the party to be charged therewith, . . no action shall be brought to charge any . . . [p]erson, upon any contract, promise, or agreement, that is not to be performed within one (1) year from the making of the contract, promise, or agreement.

We disagree and reverse and remand this case for trial on the merits.

In his complaint, appellant asserted that he had entered into an oral agreement for employment with appellee on August 1, 1988. He alleged that appellee agreed to pay him a 10 percent commission on all sales made to customers acquired by appellant. According to appellant, appellee discharged him after thirteen months of employment and refused to pay any further commissions on sales to customers he acquired. Appellee raised the statute of frauds in defense and moved for summary judgment.

In response to the motion for summary judgment, appellant

filed his affidavit, wherein he stated that appellee had agreed to pay him a 10 percent commission on all future sales to any customer he acquired so long as appellee sold printing to that customer. Appellant also stated that appellee agreed to pay this commission regardless of whether appellant continued to work for appellee and that appellee's agreement to do so had induced him to acquire such customers for appellee. Appellant attached the affidavit of his brother, Edwin Johnson, who stated that appellee had offered to pay appellant a commission on all sales to customers he acquired so long as appellee continued to sell printing to that customer.

Appellant argues that the circuit judge erred in granting the motion for summary judgment on two grounds: (1) he met proof with proof in showing that a genuine issue of material fact remained for trial; and (2) the oral contract, by its terms, was indefinite as to the time for performance and, therefore, not subject to the statute of frauds.

■■ Summary judgment should be granted only when a review of the pleadings, depositions, and other filings reveals that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Undem* v. *First Nat'l Bank*, 46 Ark. App. 158, 162, 879 S.W.2d 451 (1994). When the movant makes a prima facie showing of entitlement, the respondent must meet proof with proof by showing a genuine issue as to a material fact. *Id.* In appeals from the granting of summary judgment, we review facts in a light most favorable to the appellant and resolve any doubt against the moving party. *Id.* Summary judgment is not proper where evidence, although in no material dispute as to actuality, reveals aspects from which inconsistent hypotheses might reasonably be drawn and reasonable minds might differ. *Thomas* v. *Sessions*, 307 Ark. 203, 208, 818 S.W.2d 940 (1991). On appellate review, we need only decide if the granting of summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered. *Reynolds* v. *Shelter Mut. Ins. Co.*, 313 Ark. 145, 148, 852 S.W.2d 799 (1993).

■ We believe that the appellant satisfied his burden of meeting proof with proof in response to the motion for summary

judgment. In *Township Builders, Inc.* v. *Kraus Construction Co.,* 286 Ark. 487, 491-92, 696 S.W.2d 308 (1985), the Arkansas Supreme Court reversed and remanded a case where summary judgment had been entered on the basis of the statute of frauds. There, the court stated that the statute of frauds applies to agreements which are incapable of performance within a year and that a contract is not within the provisions of the statute of frauds where the proof demonstrates that it was capable of performance within one year, even if there was a possibility or even a probability that it might require a longer time. *Accord Chadwell* v. *Pannell,* 27 Ark. App. 59, 62-63, 766 S.W.2d 38 (1989). In *Country Corner Food & Drug, Inc.* v. *Reiss,* 22 Ark. App. 222, 225-26, 737 S.W.2d 672 (1987), we held that the statute of frauds did not apply to the employment contract in question because it was for an indefinite duration. We also noted that, even if the statute of frauds had applied, the appellant employer would still be liable to the appellee employee for the entire compensation promised him in exchange for his services. There, the appellee had sued for the benefits of family health insurance coverage promised him as part of his compensation. We noted that, even in situations where the statute of frauds does apply, the employer is still liable for whatever service was rendered. *Id.* at 226. *See also Swafford* v. *Sealtest Foods Div. of Nat'l Dairy Prods. Corp.,* 252 Ark. 1182, 1188, 483 S.W.2d 202 (1972). Further, in *Country Corner Food & Drug, Inc.* v. *Reiss,* 22 Ark. App. at 225-26, we stated that an employment contract may also be taken out of the operation of the statute of frauds if sufficient detrimental reliance is shown; where one has acted to his detriment solely in reliance on an oral agreement, an estoppel may be raised to defeat the defense of the statute of frauds.

In its brief, appellee argues that, under *Hoffius* v. *Maestri,* 31 Ark. App. 13, 786 S.W.2d 846 (1990), the contract was not enforceable because appellant failed to produce a written memorandum. We disagree. In that case, Hoffius brought an action for breach of an alleged three-year employment contract, which was clearly subject to the statute of frauds if the writing evidencing that contract was found to be insufficient.

Here, the fact that the commissions might be paid to appellant for a period of time longer than one year does not bring this contract within the statute of frauds. A similar situation was

presented in *Lake Village Implement Co.* v. *Cox*, 252 Ark. 224, 228-29, 478 S.W.2d 36 (1972), where the court stated: "We have held that the statute does not apply to contracts which may be completely performed on one side when nothing remains to be done during a period longer than one year, except for the payment of compensation." Similarly, in *Reed Oil Co.* v. *Cain*, 169 Ark. 309, 316, 275 S.W. 333 (1925), the Arkansas Supreme Court stated:

> It is true the fruition of appellee's labors did not come to the appellant until after the expiration of a year from the date of the contract, but the appellee actually performed the services called for under his contract before that time. . . . The contract was not rendered void within the statute of frauds because the consideration for the appellee's services was fixed at an amount equal to one-half the sum saved by the appellant for a period of three years after the reduction. That was simply a method adopted by the parties for valuing the services rendered by the appellee under his contract.

*Manufacturers' Furniture Co.* v. *Read*, 172 Ark. 642, 645, 290 S.W. 353 (1927), is also relevant to this appeal:

> [T]he contract between Read and appellant was one which could have been, and in fact was, completely performed by Read in much less than a year's time, and all that was left of the performance was the payment of compensation by appellant. This took the original contract between the parties out of the operation of the statute of frauds, for the rule seems to be quite well settled that the statute applies only to contracts not to be performed on either side within a year, and it does not apply to contracts which may be completely performed on one side and nothing remains on the other side but the payment of compensation during a period of more than a year.

■ We hold that a genuine issue of material fact exists and reverse and remand this case for trial.

Reversed and remanded.

JENNINGS, C.J., and MAYFIELD, J., agree.