Robert KIMBLE *v.* PULASKI COUNTY SPECIAL SCHOOL
DISTRICT

CA 95-702                                    921 S.W.2d 611

Court of Appeals of Arkansas
Division I
Opinion delivered May 15, 1996

*Roachell Law Firm*, by: *Travis N. Creed*, for appellant.

*Skokos, Bequette & Smith, P.A.*, by: *Jay Bequette*, for appellee.

JOHN MAUZY PITTMAN, Judge. Robert Kimble has appealed from a summary judgment entered for appellee, Pulaski County Special School District, in his wrongful discharge action. On appeal, appellant argues that his employment was not terminable at will. We disagree and affirm the circuit court's decision.

Appellant was employed by appellee as a custodian at Mills High School in the 1991-92 school year. His written contract of employment provided: "The employment shall commence on the first day of August, 1991. Subject to the other terms of this agreement, the employment will be for a maximum of 233 days...." Under the "special conditions" listed in the contract, it was provided: "Both parties agree that this contract may be terminated at any time by either party by giving oral or written notice to the other party."

In February 1992, the high school was damaged by fire. After the principal investigated the fire's origin, he informed appellee that appellant had been negligent in his duties. Appellant was then notified by appellee's superintendent that he was being recommended for immediate termination because he had ignored a fire alarm. Appellant was given a termination hearing on March 11, 1992, and was then discharged.

In February 1994, appellant filed this wrongful discharge action against appellee, alleging that he had been terminated in violation of his contract. He also sought recovery for certain tort claims.

Appellee moved for summary judgment, relying on *Griffin* v. *Erickson*, 277 Ark. 433, 642 S.W.2d 308 (1982), wherein the Arkansas Supreme Court recognized that, generally, when the term of employment is left to the discretion of either party, or left indefinite, or terminable by either party, either party may put an end to the relationship *at will* and *without cause*. In response, appellant stated: "Ark. Code Ann. § 6-17-1701, et seq., known as the Public School Employee Fair Hearing Act, is applicable to this case and has bearing on the question of 'at will' employment." Although appellant abandoned his tort claims, he argued that questions of fact remained as to his breach of contract claim. In its reply, appellee argued that, although the Public School Employee Fair Hearing Act provides that school districts must offer minimum due process to employees recommended for termination, it has not modified the employment-at-will doctrine.

The circuit judge agreed with appellee, stating:

> Plaintiff was employed by the Pulaski County Special District under a written employment contract, which provided for employment up to a maximum of 233 days, but also provided that both Plaintiff and the District reserve the right to terminate the contract at any time upon notice to the other party. Accordingly, Plaintiff's employment with the District was "at will" and either party, Plaintiff or the District, was entitled to terminate the Plaintiff's contract at any time and for any reason or no reason.

Summary judgment should be granted only when a review of the pleadings, depositions, and other filings reveals that there is no genuine issue as to any material fact, and the moving

party is entitled to judgment as a matter of law. *Johnson* v. *Harrywell, Inc.,* 47 Ark. App. 61, 885 S.W.2d 25 (1994). In considering a motion for summary judgment, the court may also consider answers to interrogatories, admissions, and affidavits. *Muddiman* v. *Wall,* 33 Ark. App. 175, 803 S.W.2d 945 (1991). When the movant makes a *prima facie* showing of entitlement, the respondent must meet proof with proof by showing a genuine issue as to a material fact. *Johnson* v. *Harrywell, Inc.,* 47 Ark. App. at 63. In appeals from the granting of summary judgment, this court reviews facts in the light most favorable to the appellant and resolves any doubt against the moving party. *Id.* Summary judgment is not proper where evidence, although in no material dispute as to actuality, reveals aspects from which inconsistent hypotheses might reasonably be drawn and reasonable minds might differ. *Id.* On appellate review, this court need only decide if the granting of summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of a motion left a material question of fact unanswered. *Id.*

Appellant focuses his appeal on two arguments: (1) that his employment was not terminable at will because it was for a definite period of time; and (2) that the Public School Employee Fair Hearing Act has altered the employment-at-will doctrine.

Appellee concedes that the employment contract was for a definite term, even though it provided that appellant would be employed for a "maximum of 233 days." We therefore need not determine the effect of the words "maximum of" in establishing whether the contract was for a definite term.

Arkansas Code Annotated § 6-17-1703 (Repl. 1993) provides:

(a) The superintendent of a school district may recommend termination of an employee during the term of any contract, or the nonrenewal of a full-time nonprobationary employee's contract, provided that he gives notice in writing, personally delivered, or by letter posted by registered or certified mail to the employee's residence address as reflected in the employee's personnel file.

(b) The recommendation of nonrenewal of a full-time nonprobationary employee's contract shall be made no later than thirty (30) calendar days prior to the beginning of the employee's next contract period.

(c) Such written notice shall include a statement of the reasons for the proposed termination or nonrenewal.

(d) The notice shall further state that an employee being recommended for termination, or a full-time nonprobationary employee being recommended for nonrenewal, is entitled to a hearing before the school board upon request, provided such request is made in writing to the superintendent within thirty (30) calendar days from receipt of said notice.

■■ Where statutory language is clear and unambiguous, the task of the appellate court is to follow the statute, not interpret it. *Public Employee Claims Div.* v. *Chitwood*, 324 Ark. 30, 918 S.W.2d 163 (1996). Generally, the law of this state is that an employer or an employee may terminate an employment relationship at will. *Crain Indus., Inc.* v. *Cass*, 305 Ark. 566, 810 S.W.2d 910 (1991). Under the employment-at-will doctrine, an at-will employee may be discharged for good cause, no cause, or even a morally wrong cause. *Smith* v. *American Greetings Corp.*, 304 Ark. 596, 804 S.W.2d 683 (1991). Although the employment-at-will doctrine has been modified in some respects, as discussed below, *Griffin* v. *Erickson*, as it applies to this case, continues to represent the law of this state. There, the supreme court discussed the history of the employment-at-will doctrine in this state and stated:

> It is generally, perhaps uniformly, held that when the term of employment is left to the discretion of either party, or left indefinite, or terminable by either party, either party may put an end to the relationship *at will* and *without cause*. See cases cited in 56 *Corpus Juris Secundum*, Master-Servant, § 31, p. 412 and 53 *American Jurisprudence* 2nd, Master-Servant, § 17, p. 94. It has been stated generally that employment is held only by mutual consent, and that at common law the right of the employer to terminate the employment is *unconditional* and *absolute*. *Jefferson Electric Company* v. *N.L.R.B.*, 102 F.2d 949 (1939).

> Generally, a contract of employment for an indefinite term is a "contract at will" and may be terminated by either party, whereas a contract for a definite term may not be terminated before the end of the term, except for cause or by mutual agreement, unless the right to do so is reserved in

the contract. *Little v. Federal Container Corporation*, 452 S.W.2d 875 (Ct. of App. Tennessee, 1969).

Our own cases have adhered to this principle, that either party has an absolute right to terminate the relationship. *Miller v. Missouri Pacific Transportation Company*, 225 Ark. 475, 283 S.W.2d 158 (1955), *Moline Lumber Company v. Harrison*, 128 Ark. 260, 194 S.W. 25 (1917), *St. Louis, I.M. and S.R. Company v. Matthews*, 64 Ark. 398, 42 S.W. 902 (1897). Federal decisions applying Arkansas substantive law in this field are: *Tinnon v. Missouri Pacific Railroad Company*, 282 F.2d 773 (8th Cir. 1960); *Cato v. Collins*, 539 F.2d 656 (8th Cir. 1976), and *Clark v. Mann*, 562 F.2d 1104 (8th Cir. 1977). Nor does the fact that the employment is public rather than private alter the rule. *Ruggieri v. City of Somerville*, 405 N.E.2d 982 (Mass. 1980). *Board of Regents v. Roth*, 408 U.S. 564 (1972), and *Mittlestaedt v. Board of Trustees of the University of Arkansas*, 487 F.Supp. 960 (1980).

It is quite clear, therefore, that in the absence of some alteration of the basic employment relationship, an employee for an indefinite term is subject to dismissal at any time without cause.

277 Ark. at 436-37, 642 S.W.2d at 310.

In *Newton v. Brown & Root*, 280 Ark. 337, 658 S.W.2d 370 (1983), the court stated: "It is generally held that, when the term of employment is indefinite, or at will (terminable by either party), either the employer or the employee may put an end to the relationship at will and without cause."

In *Gladden v. Arkansas Children's Hospital*, 292 Ark. 130, 728 S.W.2d 501 (1987), the supreme court modified the employment-at-will doctrine to provide that, where an employee hired for an indefinite term relies on a personnel manual or employment agreement that expressly states that he or she cannot be discharged except for cause, the employee may not be arbitrarily discharged in violation of such a provision. The court stated:

We do, however, believe that a modification of the at will rule is appropriate in two respects: where an employee relies upon a personnel manual that contains *an express provision* against termination except for cause he may not be

arbitrarily discharged in violation of such a provision. Moreover, we reject as outmoded and untenable the premise announced in *St. Louis Iron Mt. Ry. Co. v. Matthews*, 64 Ark. 398, 42 S.W. 902 (1897), that the at will rule applies even where the employment agreement contains a provision that the employee will not be discharged except for cause, unless it is for a definite term. With those two modifications we reaffirm the at will doctrine.

... We have come to the conclusion that an implied provision against the right to discharge is not enough. The firm rule at common law is that either party can terminate at will and while the rule has been criticized, 24 *Arkansas Law Review* 729, 93 *Harvard Law Review* 1816, we are unwilling to replace it with a rule that subjects the employer to suit for wrongful discharge whenever an employee is terminated.

292 Ark. at 136, 728 S.W.2d at 505. *See also Mertyris v. P.A.M. Transport, Inc.*, 310 Ark. 132, 832 S.W.2d 823 (1992); *Crain Indus., Inc. v. Cass, supra.*

■ In *Sterling Drug, Inc. v. Oxford*, 294 Ark. 239, 743 S.W.2d 380 (1988), the supreme court held that, if an employee is discharged for exercising a statutory right, or for performing a duty required by law, or the reason for the discharge was in violation of some other well-established public policy, it would recognize the employee's wrongful discharge claim as an exception to the employment-at-will doctrine. *Accord Webb v. HCA Health Servs. of Midwest, Inc.*, 300 Ark. 613, 780 S.W.2d 571 (1989); *Koenighain v. Schilling Motors, Inc.*, 35 Ark. App. 94, 811 S.W.2d 342 (1991).

■ In *Wal-Mart Stores, Inc. v. Baysinger*, 306 Ark. 239, 812 S.W.2d 463 (1991), the court held that an employer violates the public policy of this state in discharging an employee for making a claim for workers' compensation benefits. In that case and in *Leggett v. Centro, Inc.*, 318 Ark. 732, 887 S.W.2d 523 (1994), which followed it, the supreme court again stated that, when the term of employment in a contract is left to the discretion of either party, or left indefinite, or terminable by either party, either party may put an end to the relationship at will and without cause. In *Tackett v. Crain Automotive*, 321 Ark. 36, 899 S.W.2d 839 (1995), the supreme court recognized that, by Act 796 of 1993, the General Assembly had eliminated the cause of action for retaliatory discharge

described in *Wal-Mart Stores, Inc.* v. *Baysinger, supra.*

*Griffin* v. *Erickson* was also cited in *City of Green Forest* v. *Morse,* 316 Ark. 540, 873 S.W.2d 154 (1994); *Smith* v. *American Greetings Corp., supra; Proctor* v. *East Central Arkansas EOC,* 291 Ark. 265, 724 S.W.2d 163 (1987); *Bryant* v. *Southern Screw Machine Products Co.,* 288 Ark. 602, 707 S.W.2d 321 (1986); and *Riceland Foods, Inc.* v. *Director of Labor,* 38 Ark. App. 269, 832 S.W.2d 295 (1992).

We do not believe that the Public School Employee Fair Hearing Act has modified the employment-at-will doctrine. Both *City of Green Forest* v. *Morse, supra,* and *Leggett* v. *Centro, Inc., supra,* were decided after the statute was enacted; both of these cases indicated that a contract is terminable at will when the term of employment is left to the discretion of either party, *or* left indefinite, *or* terminable by either party.

Accordingly, we hold that, even though appellee admits that appellant's contract was for a definite term, it was terminable at will by either party for any reason, provided notice and a hearing were given. In his complaint, appellant admitted that he was given notice of the reason for his termination and was provided with a hearing.

We find no error in the entry of summary judgment for appellee.

Affirmed.

STROUD and NEAL, JJ., agree.