Lynda ALBRIGHT *v.* SOUTHERN FARM BUREAU LIFE INSURANCE COMPANY

95-1142                                        940 S.W.2d 488

Supreme Court of Arkansas
Opinion delivered March 24, 1997

*Neil V. Pennick* and *D. Scott Hickam*, for appellant.

*Friday, Eldredge & Clark*, by: *Fran C. Hickman*, for appellee.

DAVID NEWBERN, Justice. This is an appeal from a summary judgment in favor of Southern Farm Bureau Life Insurance Company (SFB). The appellant, Lynda Albright, sued SFB for the proceeds of a policy which insured the life of her husband, Jerry Albright. On the ground that a monthly premium payment had not been made in the month prior to Mr. Albright's death, SFB refused Ms. Albright's demand for payment after the death of Mr. Albright. She alleged SFB was negligent in failure to submit a draft upon Mr. Albright's bank account at a time, alleged to be specified in the insurance agreement, when funds sufficient to pay the premium would have been present. She also alleged that SFB thereby breached the insurance contract. In awarding summary judgment to SFB, the Trial Court rejected the contract claim, although it was not directly addressed. The Court also found "no proof" of negligence on the part of SFB. We hold there was sufficient evidence to present a genuine remaining issue of material fact as to negligence and as to breach of contract and thus that summary judgment should not have been granted. Ark. R. Civ. P. 56(c).

On March 5, 1985, Mr. Albright purchased a life insurance policy from SFB in the amount of $200,000. In accordance with the terms of the policy, Mr. Albright chose to make his premium payments on a monthly basis. The named beneficiary was Lynda Albright.

Mr. Albright executed a document giving First National Bank of Hot Springs authority to honor checks drawn on his account by SFB to pay the policy as if he had personally drawn them. The authorization allowed Southern to draft the premium payment from Mr. Albright's account electronically.

As will be explained more fully below, the policy provided that the premium payments of $126.76 were to be made in advance of the anniversary date of the policy. In the case of monthly payments, that meant the payments were to be on the day of the month corresponding to the day of the month on which the policy was issued. According to testimony of an SFB official, Mr. Albright could have chosen a different day of the month to have his account charged, but he did not do so; therefore, the premium payments were due on the fifth day of each month for the ten-year period provided in the policy.

August 5, 1990, fell on a Sunday. The August 1990 draft apparently was prepared by SFB on Monday, August 6, but it was not submitted to the Bank until Tuesday, August 7, 1990. The draft was returned due to insufficient funds. Funds sufficient to make the premium payment were in the account through Monday, August 6, 1990. On Tuesday, August 7, however, the Bank debited Mr. Albright's account $25.32 for payment of an order for printed checks, thus reducing the balance below the amount needed to cover the monthly SFB draft. The Bank, which was made a defendant but later dismissed from the litigation, allegedly chose to honor its draft rather than the one from SFB. The SFB draft was presented for payment again on August 10, 1990, but was again returned due to insufficient funds.

On August 16, 1990, SFB issued a letter to Mr. Albright informing him that the check for his premium was returned due to insufficient funds and granting him fifteen days to make the payment. The letter also provided that, in the event the monthly

premium was not paid within fifteen days, Mr. Albright would be required to pay the full annual premium. On September 4, 1990, an annual premium notice was prepared requesting payment of the annual premium. The premium was not paid. On September 4, 1990, Mr. Albright was admitted to a hospital where he remained until his death on September 9, 1990.

■ A party moving for summary judgment must show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Ark. R. Civ. P. 56(c). Pleadings, discovery responses, admissions, and affidavits, if any, are to be considered in the light most favorable to the non-moving party. *Keller v. Safeco*, 317 Ark. 308, 877 S.W.2d 90 (1994); *Green v. National Health Laboratories, Inc.*, 316 Ark. 5, 870 S.W.2d 707 (1994).

The Trial Court had before it the insurance policy, discovery responses, and responses to requests for admissions. Subsection 1.1 of the Definitions section of the policy states that the home office of SFB is at Jackson, Mississippi. Subsection 1.2 provides that the date of issue, stated on the schedule page is the date from which premium due dates will be measured. The schedule page states the date of issue as March 5, 1985. Subsection 3.1 of the Premiums and Reinstatement section of the policy provides, in relevant part, that "All payments are due and payable *in advance* at the Company's home office. [Emphasis supplied.]" Mr. Albright's monthly premium payment was, therefore, due on or before August 5, 1990.

By letter dated September 4, 1990, the date Mr. Albright entered the hospital, SFB informed Mr. Albright that the entire annual premium had become due as a result of his failure to make the monthly payment on time. SFB claims that the policy, according to its terms, lapsed on August 5, 1990, due to Mr. Albright's failure to make the payment within a thirty-one-day grace period beginning that date.

In his deposition, SFB's senior counsel, Randy L. Dean, stated that SFB had an obligation to draft Mr. Albright's account in a manner "to keep the policy in effect," and he explained that the date for submitting the drafts was selected by Mr. Albright,

referring to the anniversary date of the policy. Also, in response to a request for admission, SFB admitted it had "requested to draw a draft on Mr. Albright's bank account on or about August 7, 1990."

With respect to its argument in favor of upholding the summary judgment on the negligence or tort claim, SFB relies on *L.L. Cole & Son, Inc. v. Hickman,* 282 Ark. 6, 665 S.W.2d 278 (1984). In that case, the plaintiff alleged intentional acts on the part of the defendant, claiming that they constituted "tortious breach of contract." In the course of the opinion, we said, "Generally, a breach of contract is not treated as a tort if it consists merely of a failure to act (nonfeasance) as distinguished from an affirmatively wrongful act (misfeasance)." We then characterized the action as one in contract, thus holding that punitive damages were improperly awarded to the plaintiff.

In at least two cases decided subsequent to the *Cole* decision we have upheld tort claims arising out of contractual relationships where the conduct of the defendants was of the sort that could be characterized as nonfeasance. *Westark Specialties, Inc. v. Stouffer Family Ltd. Partnership,* 310 Ark. 225, 836 S.W.2d 354 (1992) (lessor's failure to maintain a sprinkler system on rental property resulting in damage to lessee's property); *Terminix Int'l Co. v. Stabbs,* 326 Ark. 239, 930 S.W.2d 345 (1996) (failure of exterminator to repair substructure and inspect building resulting in damage). In each of those cases, the breach of contract allegation was removed from the action before the case was decided, but the duty of the defendant to act could be said in each case to have arisen from the terms of the contract.

We have no doubt that, although a plaintiff may not recover for the same act in both contract and tort and must ultimately choose among remedies sought, it is not wrong for concurrent allegations to be pursued. *Smith v. Walt Bennett Ford, Inc.,* 314 Ark. 591, 864 S.W.2d 817 (1993); *Jim Halsey Co. v. Bonar,* 284 Ark. 461, 683 S.W.2d 898 (1985).

It is clear to us that there is at least a question whether the contract in this case required SFB to present its draft for the monthly premium in advance of August 5, 1990. If there is ambi-

guity in the contract, a question not addressed in the Trial Court's order, then there is a factual issue remaining as to the parties' intent. *Keller v. Safeco Ins. Co., supra; Minerva Enter., Inc. v. Bituminous Cas. Corp.,* 312 Ark. 128, 851 S.W.2d 403 (1993).

Nor do we agree with the Trial Court's statement that there was "no proof" of negligence on the part of SFB. It may be that the action should be limited to contract in view of the fact that SFB's action or lack of it may have been nonfeasance as opposed to misfeasance. That was not the Trial Court's ruling, nor can we say that issue was raised before the Trial Court. We are unwilling to make such a ruling in an appeal from a summary judgment, especially in view of the *Westark* and *Terminix* cases cited above.

Reversed and remanded.

ARNOLD, C.J., dissents.