Robert Lawrence LEE, et al. *v.* HOT SPRINGS VILLAGE
GOLF SCHOOLS

CA 96-1009                                    951 S.W.2d 315

Court of Appeals of Arkansas
Division IV
Opinion delivered September 17, 1997

[Supplemental opinion on denial of rehearing
issued November 5, 1997.]

*Timothy O. Dudley*, for appellants.

*Rose Law Firm*, by: *David L. Williams* and *Grant E. Fortson*, for appellee.

JUDITH ROGERS, Judge. The appellants, Robert Lawrence Lee, Lyman John Endsley II, Garth Wellshear, and Roger Kluska, appeal from an order of summary judgment in favor of their former employer, appellee Hot Springs Village Golf Schools. Appellants raise two issues for reversal. First, they contend that the trial

court erred in granting appellee's motion for summary judgment, and secondly they argue that the trial court erred in ruling that they lacked standing to assert, as an affirmative defense, appellee's breach of the covenant of good faith and fair dealing. We agree that appellee's motion for summary judgment was granted improvidently, and we reverse.

Appellants were hired by appellee as instructors at a golf school pursuant to separate written contracts dated January 1, 1993. According to the agreements, appellants were to be compensated based on commissions generated by the operation of the school, and they were advanced certain sums on a monthly basis as a draw against future commissions. The school ceased operations in December of 1994. Appellee thereafter brought this suit against appellants to collect the "excess draws," or the portion of those monthly sums advanced to appellants but which had not been offset by commissions earned by them when their contracts were terminated. Appellee filed a motion for summary judgment contending that it was entitled to a refund of these monies as a matter of law. In making this argument, appellee relied on the following provision contained in each of the employment agreements:

> 3.1 As full compensation for all services to be rendered pursuant to this Agreement, the Partnership agrees to pay the Employee, during the Term, compensation based upon fees generated by the Partnership's operation of the School, based upon the fee schedule as set out herein.

The trial court accepted appellee's reasoning and ruled that, because appellants were paid by commission, the contract clearly and unambiguously required the return of the sums advanced in excess of commissions earned, and it granted judgment against appellants Lee, Endsley, Wellshear, and Kluska in the respective amounts, including prejudgment interest, of $34,891.36, $34,227.84, $24,581.89, and $20,371.47. This appeal followed, wherein appellants argue as their primary issue that the trial court erred in granting appellee's motion for summary judgment.

■ Summary judgment should be granted only when a review of the pleadings, depositions, and other filings reveals that

there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Johnson v. Harrywell, Inc.*, 47 Ark. App. 61, 885 S.W.2d 25 (1994). All proof submitted must be considered in the light most favorable to the non-moving party, and any doubts or inferences must be resolved against the moving party. *Wozniak v. Colonial Insurance. Co.*, 46 Ark. App. 331, 885 S.W.2d 902 (1994). Summary judgment is not proper where evidence, although in no material dispute as to actuality, reveals aspects from which inconsistent hypotheses might reasonably be drawn and reasonable minds might differ. *Kimble v. Pulaski County Special School District*, 53 Ark. App. 234, 921 S.W.2d 611 (1996).

■■ We agree with the appellants that the contract is not so clear and free of ambiguity that the trial court could declare as a matter of law that appellants were bound to return the monies advanced simply because they were paid on a commission basis. As argued by appellants below, the contract is conspicuously silent on this question in that it contains no provision for the refund of advance payments in the event that the golf school closed or their employment was otherwise terminated. By its silence, the contract is susceptible of differing interpretations, and is thus ambiguous. *Triska v. Savage*, 219 Ark. 80, 239 S.W.2d 1018 (1951). And, if there is ambiguity in the contract, a question of fact remains as to the parties' intent. *Albright v. Southern Farm Bureau Life Ins. Co.*, 327 Ark. 715, 940 S.W.2d 488 (1997). Therefore, the trial court erred in granting appellee's motion for summary judgment. In so holding, we have also applied the well-known rule of contract construction that, if there is any ambiguity in the contract, it must be construed most strongly against the party who prepared it, which in this case is the appellee. *Prepkat Concrete Co. v. Whitehurst Bros.*, 261 Ark. 815, 552 S.W.2d 212 (1977). Thus any inference to be made from the contract's silence should have been resolved in appellants' favor.

■ In their brief, appellants also refer us to a body of law from other jurisdictions, to which we add our own citation, *Carter Construction Co., Inc. v. Sims*, 253 Ark. 868, 491 S.W.2d 50 (1973), and suggest that they are entitled to prevail as a matter of law because of the contract's silence on the issue of recoupment.

While our review of the record reflects that appellants resisted appellee's motion for summary judgment on the ground that the contract was ambiguous, we are in agreement with appellee that appellants did not make this precise argument below. Since appellants did not present their own motion for summary judgment, we do not address this contention. We will not consider arguments on appeal that were not fully developed at the trial level. *Bradford v. Bradford*, 52 Ark. App. 81, 915 S.W.2d 723 (1996). We only hold that the trial court erred in concluding that the contract was clear and unambiguous and that appellee was entitled to judgment as a matter of law.

We cannot accept appellants' second argument, however. In response to appellee's motion for summary judgment, appellants alleged that there remained a dispute as to material fact concerning their defense that appellee had breached the covenant of good faith and fair dealing. Citing *Smith v. American Greetings Corp.*, 304 Ark. 596, 804 S.W.2d 683 (1991), appellants maintained that every contract of employment contains this implied covenant, and in support of this claim or defense, appellants urged that appellee had lured them away from other work, that appellee had promised to vigorously promote and advertise the golf school to make it a success, and that appellee had promised to keep the school open unless it showed a loss of $200,000. They alleged that appellee had not vigorously supported the school and that it had manipulated the books to create a $200,000 loss so as to justify the closure of the school. Appellants argued that appellee's breach of the covenant should excuse their performance of the contract.

The trial court ruled that this was a claim being asserted in another lawsuit by a corporation of which appellants were stockholders and that appellants, as shareholders, lacked standing to assert the claim of the corporation as a defense in this action. In their argument on appeal, appellants concede that the trial court's ruling was correct, but claim error because the court failed to address their status as employees under an employment agreement. The short answer to appellants' argument is that the trial court did address appellants' claim with respect to their status as employees. In addition to the issue of standing, the court recognized from the cited authority of *Smith v. American Greetings*

*Corp., id.*, that the covenant of good faith and fair dealing prohibits an employee's discharge for reasons that contravene public policy. The court then ruled that the allegations made by appellants did not support such a claim. Appellants have not contested this aspect of the trial court's ruling and make no argument that the termination of their employment violated public policy. We can thus find no error in the trial court's decision.

Reversed and remanded.

NEAL and GRIFFEN, JJ., agree.

---

## SUPPLEMENTAL OPINION ON DENIAL
## OF REHEARING

November 5, 1997

*Timothy O. Dudley*, for appellants.

*The Rose Law Firm*, by: *David L. Williams* and *Grant E. Fortson*, for appellee.

JUDITH ROGERS, Judge. ■ In our recent opinion, dated September 17, 1997, we reversed and remanded an order of summary judgment, holding that the contracts in question were not so clear and unambiguous so as to entitle appellee to prevail on its complaint as a matter of law. In reaching that decision, we applied the rule of contract construction that ambiguities in a contract are to be construed most strongly against the party who prepared the contract, naming appellee as that party. In a petition for rehearing, appellee maintains that there is no record proof that it indeed prepared the contracts. We agree that we overlooked the origin of this assertion. The only reference to appellee's having prepared the contracts was contained in appellants' trial brief. We acknowledge that it was not proper to consider factual allegations made in trial briefs. *See Pyle v. Robertson*, 313 Ark. 692, 871 S.W.2d 345 (1994).

■ However, this factual misstatement does not alter the result of the appeal. Our essential holding remains unaffected that the contracts were ambiguous and that appellee was not entitled to judgment as a matter of law.

Petition denied.