Loran E. COPPOC *v.* Mark MOELLER and David Moeller

CA 99-867                                    13 S.W.3d 596

Court of Appeals of Arkansas
Division IV
Opinion delivered March 29, 2000

*Kenneth Breckenridge, L.L.C.,* by: *Kenneth Breckenridge,* for appellant.

*Hargraves & McCrary,* by: *Michael S. McCrary,* for appellees.

JOSEPHINE LINKER HART, Judge. Appellant, Loran E. Coppoc, appeals the chancery court's granting of summary judgment in favor of appellees, Mark Moeller and David Moeller, on

appellees' suit seeking foreclosure of property on which appellant executed a mortgage in favor of appellees. Appellant contends that there remained a genuine issue of material fact: he executed the note and mortgage under duress. Because that affirmative defense was not raised in appellant's answer, we affirm.

According to appellees' complaint for foreclosure, appellant executed a promissory note in the amount of $40,000 payable to appellees and a mortgage conveying certain real property in Garland County to appellees. Appellees also stated that appellant defaulted in the payment of his obligations under the note, and appellees declared the entire principal balance due and payable. Further, appellees sought foreclosure on the real property. Appellant filed an answer admitting that he executed the mortgage but denying that he executed the promissory note. In appellant's answers to appellees' request for admissions, appellant denied executing both the promissory note and the mortgage.

Appellees sought summary judgment, alleging that no genuine issue of material fact remained. In response, appellant denied the allegations in appellees' motion for summary judgment, including their claim that no genuine issue of material fact remained. Though no affidavits were attached to the response, appellant subsequently filed an affidavit in which he admitted that he executed an agreement, the promissory note, and the mortgage. Appellant further stated that when he executed these documents, appellees were staying at his home following his wife's, the appellees' mother's, death. He stated that appellee David Moeller was "very threatening" and threatened to kill appellant if David did not "get the money back." He further stated that he did not want to sign the papers but did so because he was afraid of David Moeller since he was staying at his home.

The court granted summary judgment in favor of appellees, noting that in his affidavit, appellant neither denied executing the note and mortgage nor denied that he was in default. On appeal, appellant contends that the court erred in granting summary judgment because a genuine issue of material fact remained, that is, his claim that he was under duress when he executed the documents.

Summary judgment should be granted only when a review of the pleadings, depositions, and other filings reveals that

there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *See Lee v. Hot Springs Village Golf Sch.*, 58 Ark. App. 293, 951 S.W.2d 315 (1997). All proof submitted must be considered in the light most favorable to the nonmoving party, and any doubts or inferences must be resolved against the moving party. *See id.*

■■ A claim of duress is an affirmative defense. *See Goode v. First Nat'l Bank of Conway*, 269 Ark. 755, 600 S.W.2d 755 (Ark. App. 1980). Even if an affirmative defense is raised in a motion for summary judgment, if it was not raised in the answer, then the party is precluded from arguing it at any other stage in the case, and we will not review the issue. *Bharodia v. Pledger*, 340 Ark. 547, 11 S.W.3d 540 (2000). "Although the burden of demonstrating the non-existence of a genuine issue of fact is on the moving party, a plaintiff moving for summary judgment after answer has been filed is not required to negate defenses not raised by the answer," and an issue not raised in an answer cannot be raised by amending a response to a motion for summary judgment. *See BWH, Inc. v. Metropolitan Nat'l Bank*, 267 Ark. 182, 189, 590 S.W.2d 247, 252 (1979). Appellees were not required to negate an affirmative defense not raised in appellant's answer, and no genuine issue of material fact remained which we are required to address. Thus, the court properly granted summary judgment in favor of appellees.

Affirmed.

PITTMAN and STROUD, JJ., agree.