PUBLIC EMPLOYEE CLAIMS DIVISION *v.* Richard
CHITWOOD

95-456                                                918 S.W.2d 163

Supreme Court of Arkansas
Opinion delivered March 25, 1996

*Richard S. Smith*, for appellant.

*David E. Smith*, for appellee.

ANDREE LAYTON ROAF, Justice. The issue in this appeal is whether the appellant Public Employee Claims Division of the Arkansas Insurance Department (PECD), the workers' compensation carrier for state agencies, owes a one-third attorney fee as costs of collection from its subrogation claim against a personal injury judgment awarded to appellee Richard Chitwood, a state employee. We agree that the Circuit Court erred in finding that Chitwood's attorneys were entitled to recover one-third of PECD's subrogation claim as costs of collection, and reverse.

Richard Chitwood, an employee of the Arkansas Department of Labor, was involved in a job-related automobile accident in January 6, 1988. Chitwood filed a workers' compensation claim with PECD, and also filed suit against the negligent driver, the driver's employer, and their respective insurance companies. PECD paid $8,096.80 in worker's compensation benefits to Chitwood and advised Chitwood's attorney of its subrogation lien.

PECD learned of Chitwood's lawsuit a few days before the

trial date, and filed a Motion to Intervene and Complaint in Intervention on the day of trial. The trial court granted the Motion to Intervene, and trial was held on the third-party tort claim. PECD's only participation in the litigation was to provide Chitwood's attorney with copies of medical bills. The jury awarded Chitwood $33,654.99. The trial court ordered the judgment paid into the registry of the court pending resolution of the subrogation claim, and allowed Chitwood to withdraw $25,549.14, leaving $8,096.80, or the amount of PECD's claim. Chitwood's attorney received one-third of the amount withdrawn as attorney's fees plus court costs of $634.55, and the remainder was paid to Chitwood.

After a hearing, the trial court ruled that since attorney's fees had not been taken from the entire amount of the judgment, one-third should be deducted from the $8,096.80 subrogation amount for attorney's fees and costs. The trial court ordered $5,417.40 to be paid to PECD and the remainder paid to Chitwood and his attorney.

PECD argues that the trial court incorrectly interpreted and applied statutory law in finding that Chitwood's attorneys were entitled to recover one-third of its subrogation claim as fees and costs. Arkansas Code Annotated § 11-9-410 (Supp. 1995) deals with third-party liability, and provides in pertinent part:

(a) LIABILITY UNAFFECTED.

(1) The making of a claim for compensation against any employer or carrier for the injury or death of an employee shall not affect the right of the employee, or his dependents, to make claim or maintain an action in court against any third party for the injury, but the employer or his carrier shall be entitled to reasonable notice and opportunity to join in the action. If *they, or either of them, join in the action, they shall be entitled to a first lien upon two-thirds (2/3) of the net proceeds recovered in the action that remain after the payment of the reasonable costs of collection,* for the payment to them of the amount paid and to be paid by them as compensation to the injured employee or his dependents.

(2) The commencement of an action by an employee or his dependents against a third party for damages by reason of an injury to which this chapter is applicable, or the adjustment of any claim, shall not affect the rights of the injured

employee or his dependents to recover compensation, *but any amount recovered by the injured employee or his dependents from a third party shall be applied as follows*:

(A) Reasonable costs of collection shall be deducted;

(B) Then, in every case, one-third (1/3) of the remainder shall belong to the injured employee or his dependents, as the case may be;

(C) The remainder, or so much as is necessary to discharge the actual amount of the liability of the employer and the carrier; and

(D) Any excess shall belong to the injured employee or his dependents. (Emphasis added).

■ The statute provides not only for the intervening carrier's lien upon proceeds received in an action against a third party, but also spells out how the carrier's entitlement shall be computed. Reasonable costs of collection are first deducted, and the employee is awarded outright the first one-third of the net proceeds. The insurance carrier is given a first lien on only two-thirds of the net proceeds. PECD submits the following distribution as the correct application of the statutory formula:

| | |
|---|---|
| GROSS JUDGMENT SUM | $33,645.99 |
| COST OF COLLECTION (hypothetical) | $ 1,000.00 |
| AFTER COST AMOUNT | $32,645.00 |
| 1/3 ATTORNEY FEE | $10,882.00 |
| NET AFTER FEE | $21,763.00 |
| 1/3 TO CLAIMANT | $ 7,254.34 |
| BALANCE AVAILABLE FOR SUBROGATION | $14,508.66 |
| SUBROGATION TO PUBLIC EMPLOYEE CLAIMS DIVISION | $ 8,096.80 |
| BALANCE PAYABLE TO CLAIMANT AND RESERVED AS FUTURE CREDIT TO PUBLIC EMPLOYEE CLAIMS DIVISION | $ 6411.86 |

■ Chitwood's attorneys did not take a full one-third attorney's fee of the gross amount of the judgment, in order to preserve their claim against PECD for one-third of the subrogation amount. However, the statute provides for the attorney's entitlement to first be deducted from the gross amount, and their election not to collect their full fee does not affect the determination of PECD's claim.

■ Chitwood asserts that Ark. Code Ann. § 11-9-410(a)(2)(A) requires a compensation carrier in all instances to participate in the payment of reasonable costs of collection of a personal injury claim, including attorney's fees. We do not agree. This section provides only that reasonable costs of collection shall first be deducted from the gross amount received, before the net amount is allocated between the claimant and subrogee. The statute clearly does not provide for splitting of the gross sum in order to make a pro rata allocation of the costs of collection from both the claimant and the insurance carrier, as Chitwood suggests.

■■ In fact, the insurance carrier will bear none of the costs of collection where the gross-judgment amount is in excess of three times the subrogation claim, absent an agreement with the claimant's attorney, as in Chitwood's case. Although the carrier will receive less than the full amount of its claim where the judgment is less than three times the subrogation claim, in such a situation the carrier will always recover twice the amount that the claimant receives, no matter how small the judgment. It is debatable whether the carrier can ever be said to share in the costs of collection under this statutory scheme. However, we cannot say that the general assembly has been ambiguous in spelling out precisely how a gross judgment or settlement is to be divided. Where statutory language is clear and unambiguous, our task is to follow the statute, not interpret it. *See Office of Child Support Enforcement* v. *Harnage*, 322 Ark. 461, 910 S.W.2d 207 (1995); *Arkansas Dep't of Human Serv.* v. *State*, 312 Ark. 481, 850 S.W.2d 847 (1993).

PECD cites only one case as supportive of its interpretation of § 11-9-410. In *Continental Casualty Co.* v. *Sharp*, 312 Ark. 286, 849 S.W.2d 481 (1993), we reversed the trial court's award to Sharp of an attorney's fee from the insurance carrier's subrogation claim, because Sharp's attorney had already collected a full one-third attorney's fee from the gross amount of the judgment. Chitwood submits that the holding in *Sharp* has left the door open for the

allocation of collection costs between the claimant and insurance carrier where the attorney does not collect a full fee from the gross amount. However, in *Sharp*, we said that the carrier had "effectively paid its proportionate share of the attorney's fees" pursuant to the statute, even though our holding resulted in the carrier receiving the full amount of its subrogation claim and paying none of the costs of collection.

Moreover, the several cases relied upon by Chitwood as supportive of the trial court's ruling are also consistent with today's holding. In *Winfrey & Carlile v. Nickles, Admr.*, 223 Ark. 894, 270 S.W.2d 923 (1954) this court affirmed an award to the claimant's attorney of a fifty-percent contingency fee from the gross judgment of $6,433.10; the carrier had resisted payment of any costs of collection because it had employed separate counsel.

In *Burt v. Hartford Accident & Indem. Co.*, 252 Ark. 1236, 483 S.W.2d 218 (1972), the claimant's attorney was denied an attorney's fee from the carrier's share of the recovery; however, the claimant had resisted the carrier's intervention and the carrier was required to retain counsel to assert its right to a lien. *State Farm Mut. Auto. Ins. Co. v. Bing*, 305 Ark. 280, 808 S.W.2d 204 (1991), involved a subrogation claim for medical payments made by the claimant's automobile insurance carrier; such claims are governed by a different statute, and this case is not relevant to the interpretation of § 11-9-410.

Reversed and remanded for further proceedings consistent with this opinion.