David SMALL *v.* James E. COTTRELL et al.

97-644                                964 S.W.2d 383

Supreme Court of Arkansas
Opinion delivered March 12, 1998

*Roachell Law Firm*, by: *Travis N. Creed, Jr.*, for appellant.

*W. Paul Blume*, for appellees.

DONALD L. CORBIN, Justice. Appellant David Small, who was terminated from his position as a school mechanic, raises an

issue of first impression that requires us to interpret the Arkansas Public School Employee Fair Hearing Act ("the Act"), codified at Ark. Code Ann. §§ 6-17-1701—1705 (Repl. 1993). Appellees are members of the board of directors of the Forrest City School District ("the District"), Superintendent Emerson Hall, and the Forrest City Public Schools. The St. Francis County Circuit Court upheld the school board's decision. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(17), as this case presents an issue of significant public interest. We hold that Appellees substantially complied with the requirements of the Act, and we affirm.

The parties do not dispute the underlying facts. Appellant was employed as a mechanic for Appellees for over ten years and also drove a school bus when needed to substitute for absent drivers on regular routes. Appellant worked on a year-to-year contractual basis. At the time of his termination in May 1993, his contract began July 1, 1992, and would have ended June 30, 1993. In early 1993, Appellant filed a grievance with the District. For approximately three years, Appellant had been aware that other employees were given separate contracts and, in some cases, additional pay for bus driving. Appellant's 1992-93 contract stated that his job title was "mechanic," but did not include a job description. However, Appellant's 1991 job description specifically stated that he would "substitute drive on regular routes." Appellant received one and one-half overtime compensation when he worked in excess of his regular schedule. Appellant filed the grievance with his immediate supervisor Joe Carden, who was the director of transportation for the District. Carden did not respond in writing to Appellant's grievance but told him he would pass it along to the next level of administration which was Deputy Superintendent Rodney Echols. Appellant was told he would not receive additional compensation for substitute bus driving.

On January 23, 1993, Appellant refused to drive the bus when Carden directed him. Appellant and Carden discussed that Appellant had not signed a contract with a detailed job description for the 1992-93 school year or for the previous year. Appellant and Carden agreed that Appellant's job description had not changed for the 1992-93 school year, but Appellant refused to

drive. Carden told Appellant that he would recommend termination or suspension to the school board.

On January 27, 1993, Superintendent Hall mailed a letter to Appellant that stated:

> This is to inform you that based on a recommendation from your supervisor, Mr. Joe Carden, and Deputy Superintendent Rodney Echols you are hereby suspended from your job effective immediately. You will be recommended for termination at a later date.

The District's school board met on February 8, 1993, and voted to terminate Appellant without giving him notice of the meeting. On February 25, 1993, Appellant filed a complaint in the St. Francis County Chancery Court against Appellees. Appellant also filed a motion for a preliminary injunction of his termination. On March 10, 1993, Hall sent the following letter to Appellant:

> By this letter, I am advising you that the previous suspension and termination of your employment with the Forrest City School District is rescinded. Enclosed is a check in payment of your salary for the affected period.

On March 12, 1993, Hall again notified Appellant by letter as follows:

> You are hereby notified that I intend to recommend that your contract with the Forrest City School District be terminated. The reasons for my recommendation are as follows:
>
> > Even though the possibility of driving a school bus is included in your job description, and you are, and have been, aware of that fact, you refused to obey the directive of your supervisor, Mr. Joe Carden, to drive the school bus when needed on January 23, 1993. Such refusal to carry out your reasonable and necessary duties constituted gross insubordination.
>
> You have a right to a hearing on this recommendation before the school board. If you desire a hearing, you must make a request for same, in writing to my office, within thirty days of your receipt of this letter. The hearing will be held at the next regular school board meeting following the receipt of your request for a hearing, unless a later date is agreed to in writing.

If you request a hearing, you have the right to be represented by the person of your choice, and if you so request in writing, a record of the hearing will be preserved and a transcript provided to you at no cost.

Prior to the hearing, Appellant was suspended with pay. He did not return to work. Board meetings were normally held on the second Monday of each month. By letter dated March 31, 1993, Appellant requested a hearing, and the hearing was scheduled for the next regularly scheduled board meeting. The second Monday of April would have been on April 12, 1993. Appellant availed himself on April 12, 1993. However, the meeting took place on April 19, 1993. The District did not give written notice to Appellant of the specific date, although correspondence between Hall and Appellant's representative, Jim Banks of the Arkansas Education Association ("AEA"), indicated that the April 19, 1993 date was discussed between Hall and Banks. Appellees agreed to reschedule the meeting for May 10, 1993, and notified Appellant by letter of the hearing. Appellant attended the May 10, 1993 board meeting with Banks. Before the proceeding, the attorney for Appellees cautioned the board members to consider only the evidence presented at that proceeding and further advised them that their prior vote to terminate Appellant had been rescinded.

Both Appellant and Carden testified that Appellant's job duties were the same as they were for the 1991 contract. Appellant admitted that he was paid an overtime rate of time and one-half if he worked over forty hours per week. Appellant did not deny that he refused to drive the bus when his supervisor directed him to do so on January 23, 1993, and that was one of the duties for which he was hired. Appellees introduced the District's policy which stated that insubordination is a ground for both immediate suspension and termination. Appellees also introduced Appellant's 1991 job description, which contained the duty of driving the school bus on regular routes when necessary for Appellant's position as "mechanic." After the evidence was presented, the board members again voted to terminate Appellant.

On June 16, 1993, Appellant filed an amended complaint in the St. Francis County Chancery Court in which he alleged that

the May 10, 1993 proceeding was "tainted." Appellant further requested reinstatement and front pay, back pay, and punitive damages. Appellant's second amended complaint, which he successfully transferred from chancery to circuit court, alleged that he was denied procedural due process when he was prevented from fully using the district's grievance process. Appellant did not, however, produce any testimony which indicated that the termination hearing was tainted. One board member, Ronald Williams, testified that he voted against Appellant's termination, but that he did not have his mind made up before he went into the hearing.

The circuit court held that the District had substantially complied with the Public School Employee Fair Hearing Act and entered an order in favor of Appellees, dismissing the complaint with prejudice on February 26, 1997. Appellant filed notice of this appeal on March 19, 1997.

This court set forth the standard of review for school board decisions in *Murray v. Altheimer-Sherrill Pub. Sch.*, 294 Ark. 403, 743 S.W.2d 789 (1988):

> The determination not to renew a teacher's contract is a matter within the discretion of the school board, and the circuit court cannot substitute its opinion for that of the board in the absence of an abuse of discretion by the board. *Leola School District v. McMahan*, 289 Ark. 496, 712 S.W.2d 903 (1986); *Chapman v. Hamburg Public Schools*, 274 Ark. 391, 625 S.W.2d 477 (1981). Moreover, it is not this court's function to substitute our judgment for the circuit court's or the school board's. *Leola, supra; Moffitt v. Batesville School District*, 278 Ark. 77, 643 S.W.2d 557 (1982). We will reverse only if we find on review of the trial court's decision that the court's findings were clearly erroneous. Ark. R. Civ. P. 52; *Green Forest, supra.*

*Id.* at 406, 743 S.W.2d at 790.

In *Hamilton v. Pulaski County Special Sch. Dist.*, 321 Ark. 261, 900 S.W.2d 205 (1995), this court recognized that it is our responsibility to determine whether there has been procedural compliance under the Teacher Fair Dismissal Act. When required to review a statute, this court first looks to the plain language of

the statute. *Public Empl. Claims Div. v. Chitwood*, 324 Ark. 30, 918 S.W.2d 163 (1996). When the statutory language is clear and unambiguous, this court follows the plain meaning of the words rather than interpreting it. *Id.*

For his sole argument on appeal, Appellant argues that the trial court erred when it held that his termination by Appellees was proper on the basis that it substantially complied with the provisions of section 6-17-1703. Appellant contends that the Public School Employee Fair Hearing Act requires strict compliance in order to protect his due process rights of notice and opportunity to be heard.

Section 6-17-1703 provides in relevant part:

> (a)  The superintendent of a school district may recommend termination of an employee during the term of any contract, or the nonrenewal of a full-time nonprobationary employee's contract, provided that he gives notice in writing, personally delivered, or by letter posted by registered or certified mail to the employee's residence address as reflected in the employee's personnel file.
>
>     . . . .
>
> (c)  Such written notice shall include a statement of the reasons for the proposed termination or nonrenewal.
>
> (d)  The notice shall further state that an employee being recommended for termination, or a full-time nonprobationary employee being recommended for nonrenewal, is entitled to a hearing before the school board upon request, provided such request is made in writing to the superintendent within thirty (30) calendar days from receipt of said notice.

■■ It is clear that the General Assembly promulgated the Act to protect noncertified school employees' rights to notice and opportunity to be heard by providing a reasonable hearing procedure when termination or nonrenewal is imminent. This is our first opportunity to determine the proper standard for compliance under the Act. We have, however, interpreted the Arkansas Teacher Fair Dismissal Act to require strict compliance due to the language contained in Ark. Code Ann. § 6-17-1503 (Repl. 1993), which reads in part:

A nonrenewal, termination, suspension, or other disciplinary action by a school district shall be void unless the school district strictly complies with all provisions of this subchapter and the school district's applicable personnel policies.

*See, e.g., Hannon v. Armorel Sch. Dist. #9,* 329 Ark. 267, 946 S.W.2d 950 (1997). Appellant urges us to adopt the identical procedural requirement for noncertified school employees. For the reasons outlined below, we decline to adopt such requirement.

The trial court based its decision against Appellant on *Murray,* 294 Ark. 403, 743 S.W.2d 789, and concluded that substantial compliance is required and was followed under the Act. *Murray* was decided prior to section 6-17-1503. Although *Murray* concerned the Arkansas Teacher Fair Dismissal Act and a nonrenewal of a coach's contract, it contained almost identical procedural facts. Without prior notice to Murray, the school board voted on the superintendent's recommendation not to renew Murray's teaching contract for the following year. The next day, the school district sent notice to Murray which informed him of the superintendent's recommendation. The notice to Murray also provided:

> I am also informing you that you may file a written request with the school board of the district for a hearing within 30 days after you receive this notice.

> The hearing may be private unless you or the board shall request that the hearing be public. At the hearing, you may be represented by a person of your choice.

*Id.* at 405-406, 743 S.W.2d at 790. Later, the school district realized that its vote of nonrenewal took place before Murray was given notice or had an opportunity to be heard in contravention to the Teacher Fair Dismissal Act. The school board reconvened and voted to rescind its previous vote of nonrenewal. Murray requested a hearing which was held. At the conclusion of the meeting, the board again voted not to renew Murray's contract. This court rejected Murray's argument that the procedure violated his due process rights under *Green Forest Pub. Sch. v. Herrington,* 287 Ark. 43, 696 S.W.2d 714 (1985), in which this court held that written notice of nonrenewal after the nonrenewal decision was made did not meet the requirements of substantial compliance

under the Teacher Fair Dismissal Act of 1979, Ark. Stat. Ann. §§ 80-1264—1264.10 (Repl. 1980). Because the Altheimer-Sherrill school board formally rescinded all of its actions taken before Murray's final hearing, this court held that substantial compliance was met. Additionally, counsel for the school board emphasized on the record that the board had rescinded its earlier decision, and further cautioned the board:

> [You] should not vote based on any preconceived notions, indeed, if you have any, but should make your decision solely on what has been brought before you and will be brought before you during this hearing.

*Murray*, 294 Ark. at 408, 743 S.W.2d at 791. This court concluded:

> This "cautionary instruction" coupled with the board's formal rescission of its original vote cured any error resulting from the April 28 hearing. We presume that the board members are fair-minded and resolve matters presented to them on an impartial basis.

*Id.* Therefore, this court held that the school district had substantially complied with the procedural requirements inherent in the Teacher Fair Dismissal Act.

The General Assembly amended the Arkansas Public School Employee Fair Hearing Act in 1997 to include subsection (e), providing that noncertified school employees are no longer employees at will. We observe, however, that the General Assembly omitted the requirement of strict procedural compliance for noncertified employees covered under the Act. We therefore reject Appellant's argument that the Act requires strict compliance. The express requirement found in the Teacher Fair Dismissal Act has compelled our recent holdings under the act covering certified teachers. Absent contrary legislative directive, we hold that substantial compliance is the applicable standard under the Arkansas Public School Employee Fair Hearing Act.

In conclusion, although Appellees concede that they initially erred when they terminated Appellant without notice on February 8, 1993, they later corrected the procedural defects under the Act. They complied the second time by sending notice

which contained the reasons for the recommended termination to Appellant and notifying him of his right to a hearing. When Appellant missed the April 19, 1993 hearing, Appellees rescheduled it at the next regularly scheduled meeting time on May 10, 1993, at which time Appellant was given and availed himself of the opportunity to be heard and to cross-examine the witnesses who testified against him. The board was instructed to consider only the evidence presented at the May 10 hearing, and was advised that their previous vote was rescinded. We presume that the board members are fair-minded and did as instructed. There was no testimony to indicate otherwise or that Appellant's hearing was tainted.

■ Accordingly, we hold that the trial court's ruling which relied on *Murray*, 294 Ark. 403, 743 S.W.2d 789, was not clearly erroneous as applied to noncertified personnel and further hold that substantial compliance is the proper standard to apply pursuant to the Arkansas Public School Employee Fair Hearing Act. The trial court correctly found that Appellees did not violate Appellant's procedural due process rights of notice and opportunity to be heard.

Affirmed.