## GOULD PUBLIC SCHOOLS *v.* Gloria DOBBS

99-69                                      993 S.W.2d 500

Supreme Court of Arkansas
Opinion delivered July 1, 1999

*John L. Kearney*, for appellant.

*Howard M. Holthoff*, for appellee.

TOM GLAZE, Justice. Appellee Gloria Dobbs was a full-time, nonprobationary employee of the Gould Public Schools (hereafter Gould School Board or Board), and worked under written contract as a cook beginning on August 18, 1994. The Board, through its school superintendent, sent a letter dated July 27, 1995, terminating Dobbs's employment, and Dobbs later filed suit, claiming the Board's action was invalid because the Board failed to comply with the notice and hearing requirements of the Arkansas Public School Employee Fair Hearing Act (Act), codified at Ark. Code Ann. §§ 6-17-1701 to 1705 (Repl. 1993 and Supp. 1997). Subsections 6-17-1703(b), (c), and (d) provide in relevant part that the nonrenewal of a full-time, nonprobationary employee's contract shall be made no later than thirty days prior to the beginning of the employee's next contract, provide the reasons for the termination, and inform the employee that he or she is entitled to a hearing. The Board rejoined that the notice

and hearing provisions of the Act were not applicable here because the reason for non-renewal of Dobbs's contract was that her position was being eliminated because of budget constraints and a general reduction in the work force. The trial court rejected the Board's argument and granted Dobbs's summary judgment.

In this appeal, the Gould School Board continues its argument made below that it had the right to terminate Dobbs at will without cause or a hearing. In support of its argument, the Board cites *Kimble v. Pulaski County Special Sch. Dist.*, 53 Ark. App. 234, 921 S.W.2d 611 (1996), but in doing so, the Board simply misreads that decision. The Board does correctly relate that the *Kimble* court concluded that the Public School Employee Fair Hearing Act did not modify Arkansas's well-established employment-at-will doctrine. Even so, the court of appeals further held that, while public employee Kimble could be terminated at will for any reason, the school district still was required to provide Kimble notice and an opportunity for a hearing under the Act before the school district terminated Kimble. Indeed, Kimble was given notice and a hearing, but here, Dobbs was denied those procedures.[1]

In conclusion, because Dobbs was denied timely notice and an opportunity to be heard, we affirm the trial court's decision.

---

[1] If the court of appeals' reference in *Kimble* to the termination-at-will doctrine was in any way misleading or interpreted to infer employees under the Public School Employee Fair Hiring Act could be at-will employees, that idea was removed by the General Assembly when, after the *Kimble* decision, it enacted Act 1199 of 1997, which added subparagraph (e) to § 6-17-1703. That subparagraph reads as follows:

> It is the public policy of the State of Arkansas that employees, as defined herein, shall not be considered 'at will' employees with regard to the termination of their employment, notwithstanding any contractual provision to the contrary.